JANE E. CURRIE *v.* NATCHEZ, JACKSON AND COLUMBUS RAIL-
ROAD CO.

1. EVIDENCE. *Question of fact left to jury. Case in judgment.*
   C. by parol directed the engineers of the N., J. and C. R. R. Co. not to intrude upon her land. Her lot was, however, invaded and an excavation made. The road entered upon the excavation and built its track and used the roadbed. Whether she assented to such entry and use is doubtful, she denying it and others asserting that she did. She sued the railroad for damages both for the excavation and the subsequent entry. The court below held that she could obtain damages only for the excavation, to which she had not assented, and not for the subsequent entry. *Held,* that this ruling was incorrect because it virtually assumed the disputed question of fact against the plaintiff.

2. RAILROADS. *Right of way. Verbal dedication. Evidence. Competency.*
   In a suit in trespass by the owner of land against a railroad company for damages alleged to have been sustained because of the excavation of and entry upon the land by defendant for its right of way, it is error for the court to exclude from the consideration of the jury evidence tending to show that the plaintiff verbally agreed to dedicate the right of way over the land in controversy, and that she promised verbally to sign a writing to that effect whenever called upon, even though the only consideration for said promise was that the defendant would locate its depot at a particular place named.

3. SAME. *Right of way. Damages. Disclaimer. Burden of proof.*
   Where the owner of lands brings suit in trespass against a railroad company for excavations and entry upon his land for a right of way, proof that the plaintiff with full knowledge of all the facts relinquished all damages because of said alleged trespass will operate as a complete defense to the action, the burden of proving the disclaimer and its extent being upon the defendant.

4. SAME. *Character of the use. Private, not public.*
   The grant of lands to a railroad company for its right of way is for a private, and not a public use.

5. TRESPASS UPON LANDS. *Notice to refrain from entry. Subsequent acquiescence.*
   Where the owner of land has previously forbidden a party to make an entry upon his land, such party cannot by mere acquiescence on the part of the owner, obtain a right to do so.

6. PRACTICE. *Immaterial amendment. Case in judgment.*
   C. brought suit against N., J. and C. R. R. Co. for damages in the sum of five hundred dollars. After the conclusion of the argument of counsel for plaintiff, leave was obtained to amend the declaration and bill of particulars so as

to claim seven hundred and fifty dollars. Defendant objected to the granting of the leave to amend, on the ground that it was an amendment of material allegation of the pleading, and that it operated as a surprise. The jury found for the plaintiff in the sum of two hundred and fifty dollars, and from the judgment defendant appealed to this court. *Held,* that no injustice was done defendant by the leave to amend granted, the verdict of the jury being for an amount less than that originally laid in the declaration.

7. RAILROADS. *Power to locate depots. Limitations upon the power.*

The railroad authorities have unlimited power to locate their depots for the best interest of the community and of the road, even though a money consideration be paid therefor, but they cannot make a matter of commerce of them as a punishment to a non-subscribing town.

APPEAL from the Circuit Court of Hinds County, Second District.

HON. T. J. WHARTON, Judge.

Miss Jane E. Currie brought suit in trespass against the Natchez, Jackson and Columbus Railroad Company for five hundred dollars damages, claimed to have resulted from the unlawful entry, excavation, and subsequent use for a right of way of certain real estate owned by the plaintiff. On the trial of the case the following instructions asked by the defendant were refused by the court below: 5th. "A deed or written grant is not required by law to establish a dedication of a right of way for a public use." 6th. "A dedication of a right of way for railroad purposes is for public use." 7th. "If the jury believe from the evidence that plaintiff made no objection or protest against the running the railroad of the defendant through her land, except to the civil engineer when he was surveying the line some months prior to the excavation, and that she afterward acquiesced in the same and verbally dedicated the right of way to defendant over the property in controversy, then they must find for the defendant." 8th. "If the jury believe from the evidence that the plaintiff, after the alleged damages were sustained and excavation made, verbally relinquished her claim thereto against defendant and agreed to reduce the same to writing whenever called upon, then the verdict must be for the defendant." After plaintiff's counsel had concluded his argument, he asked leave to amend the declaration and bill of particulars so as to

claim seven hundred and fifty dollars damages instead of five hundred dollars originally claimed. Leave was granted by the court and the amendment made over defendant's objection, the latter claiming that the declaration as amended presented a material change in the character of the suit and operated as a surprise. Under evidence fully stated in the opinion of the court, the jury found for the plaintiff in the sum of two hundred and fifty dollars, and from final judgment on the verdict defendant appealed to this court.

*C. S. North*, for the appellant.

By the instruction given for plaintiff the jury were precluded from the consideration of the verbal dedication of the right of way by plaintiff, as testified by the witnesses Dudley and Wardlaw. A deed or written grant is not required to establish a dedication of commons or highway to the public use. *Vick* v. *Mayor of Vicksburg*, 1 How. (Miss.) 379. Railroad purposes are for public use. *Isom* v. *M. C. R. R.*, 36 Miss. 313. Dedication is a question for the jury. *N. O., J. & G. N. R. R. Co.* v. *Moye*, 39 Miss. 374. The testimony of Dudley and Wardlaw on the question of dedication should have gone to the jury, and it was error in the court to exclude it. A parol license given by the owner to a railroad company to enter upon the owner's land and construct thereon their road is not within the statute of frauds and is a poor defense to an action of trespass against the company. *N. O., J. & G. N. R. R. Co.* v. *Moye*, 39 Miss. 374.

*Nugent & McWillie*, on the same side.

1. The facts connected with our occupancy and use and preceding and accompanying our entry were offered in evidence, but as these matters rested wholly on parol, the evidence was excluded and is excepted. The action was trespass *quare clausem fregit;* the defense was that there was no *trespass*, or in other words, that the appellee permitted and licensed the entry. That such a defense is allowable in this kind of suit is thoroughly settled. *N. J. & G. N. R. R. Co.* v. *Moye, Admr.*, 39 Miss. 386.

2. The court should have granted a continuance of the case after allowing the extraordinary amendment in favor of the appellee.

The statute reads: "* * And the court shall require all such amendments to be made in such terms as to costs and delay as may seem proper to prevent surprise or undue advantage." Code, § 1581. Here the "delay" was insisted upon by the appellant for the very reason stated in the code, and the case should have been continued, particularly when the scope of the amendment was to increase the amount claimed by the declaration. The same liberality shown the plaintiff below should have been extended to the defendant. The case propounded by the evidence went far beyond that made up by the pleadings. It did no good as it resulted, but the defendant should have had his continuance.

The court erred in giving the second and sixth instructions for the plaintiff. The parol license was a full defense, and the *enhancement* in the value of the land occasioned by the building of the road through the town and the location of its depot in the corporate limits was not an element of *damage* in favor of or against the appellee, as we have seen.

The refusal of the fifth, sixth, seventh, and eighth charges was error. They all looked to the case as presented, and were in accord with the decisions of the courts of last record. The parol license to enter was enough ; the company was not a trespasser.

*Catchings & Dabney,* for the appellee.

Plaintiff's agreement was verbal and not in writing, and the consideration was such as to invalidate the contract on the grounds of public policy, if the contract had been otherwise valid. Besides, there is no pretense of a *release* of damages already done, and all the damages which the court allowed to be taken into account by the jury were done before this oral agreement. Hence the court was right in excluding from the consideration of the jury this evidence. There was no error in refusing to grant the continuance. The evidence was intending to show damages to the land more than two hundred and fifty dollars, the amount for this item fixed in the bill of particulars. *The* question of the case was the amount of damages, and both sides had addressed themselves to it. There was and could be no surprise, but the verdict was within the first amount, two hundred and fifty dollars, and the amendment, therefore, was immaterial.

*Calhoon & Green,* on the same side.

The appellant informs the court that the railroad company informed the population of Utica, a thriving village, that the depot would be located *one mile beyond the town.* Why? In order to attempt to coerce the citizens of the town to donate a right of way through the town. The railroad company had no legal right to place the depot a mile beyond with any such motive. · The delegation of sovereignty to a railroad company is on the implied understanding that its exercise will be *bona fide.* So if, as counsel contends, these citizens were thus *coerced* into a promise of dedication, such promise would be void, as without consideration and contrary to public policy. But there was no such promise or any dedication as contended. The fact is that appellee protested against any entry and she testifies that she never made any dedication and never permitted entry. Besides a dedication to be binding must be *in writing.* It will be presumed from prescription, but this *presumption* presumes originally a *grant.* Nor can the appellant claim the benefit of licensed entry, because when the proof undertook to show the terms of that entry or license this proof was *excluded.* Besides, the issue whether there was a license was on conflicting evidence. There was no evidence to sustain the eighth instruction.

CHALMERS, J., delivered the opinion of the court.

Miss Currie, according to the proof, undoubtedly by parol directed the engineer of the railroad company not to intrude upon her land. Notwithstanding her injunction, her lot was invaded and the excavation of it made. Afterward the road entered upon the excavation, built its superstructure, and used the roadbed. Whether she assented to such entry and use is doubtful, she denying it and others asserting that she did. When she sued for damages both for the excavation and the subsequent entry, the court below held that she could obtain damages only for the excavations, to which she had not assented, and not for the subsequent entry. This was virtually assuming the disputed question of fact against her; but she has not appealed.

The railroad company was really aggrieved. Two witnesses,

Dudley and Wardlaw, swore that Miss Currie verbally agreed to dedicate the right of way over the land in controversy, and that she did promise verbally to sign a writing to this effect whenever requested. This upon motion was excluded, because they stated that there was no consideration for said promise, except that the company would locate their depot at a particular place named in said town. They also stated that she " relinquished all claim for damages." The court then refused to instruct the jury that all this constituted any defense to an action for trespass.

This was erroneous. It was held in *N. O. & J. R. R. Co.* v. *Moye*, 39 Miss. 374, that he who admitted a railroad upon his land by parol might revoke his license whenever he pleased provided the company had not so acted upon it that such revocation would operate as a fraud, and that such parol license would serve where the company had acted upon it to defeat an action of trespass, if essential to the right of the parties.

If the jury believe the witnesses, and thought that Miss Currie with full knowledge of all the facts relinquished all claims for damages, this operated as a full defense to any action of trespass, and her disclaimer, being, as testified, for all damages, applied as well to the excavation as to the damages for building upon and entry on the lot. The question, therefore, should have been submitted to a jury. If they should think that she disclaimed. as to nothing whatever, she lost nothing. If she disclaimed only as to the subsequent entry and use, she could still recover as to the excavation, which in such case was not embraced in the disclaimer. If she disclaimed as to all damages (as the witnesses seem to us to indicate), then she could recover as to nothing whatever. The burden of proving the disclaimer and its extent is upon those who assert it.

The fifth and sixth instructions asked by defendants were properly refused. A grant for a railroad is not a grant for public but for private use.

The seventh instruction asked for defendants was inaccurate. If Miss Currie had previously forbidden defendants to enter upon her land, as testified by her, they could not by acquiescence obtain

Commencement of the syllabus.

the right to do so.   The eighth instruction asked was correct and should have been given.

We cannot say that any injustice was done defendants by the leave to amend granted.   The verdict as found was still less than the amount laid in the declaration.

With regard to the change of location in the depot, we would remark that the railroad authorities have unlimited power to fix them for the best interests of the enterprise, even though a money consideration be received therefor, but they cannot make a matter of commerce of them as a punishment to a non-subscribing town, nor establish them for any other purpose than the best interests of the community and of the road.

For error in excluding testimony and not granting the eighth instruction asked by defendant,

*The judgment is reversed and new trial awarded.*