Mary L. Hicks v. Mississippi Lumber Company.

[48 South. 624.]

Trespass to Lands. *Cutting trees. Defenses. Code 1906, §§ 4976-4979. Statutory penalties. Value of trees cut. License.*

A verbal license to enter land and cut trees thereon, given by the plaintiff or his agent to the defendant, is a defense to an action for the statutory penalty, Code 1906, §§ 4976-4979, for cutting trees without the owner's consent, and in the absence of a contract, express or implied, is a defense to a suit for the value of the trees cut.

From the circuit court of Clarke county.

Hon. Robert F. Cochran, Judge.

Mrs. Hicks, appellant, was plaintiff in the court below; the

lumber company, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The first count in plaintiff's declaration was for the statutory penalty for cutting trees on the land of the owner without his consent (Code 1906, § 4977), and the second count was for the value of the trees alleged to have been cut by defendant on plaintiff's land. The facts are clearly inferable from the opinion of the court.

*Ed. D. Peirce, C. R. Gavin* and *Stone Deavours,* for appellant.

It certainly ought to have been left to the jury to determine whether or not the defendant in cutting the trees on the plaintiff's land had acted in such manner as to subject itself to the payment of the statutory penalty. There was no suggestion of any dispute but what the appellee cut the trees; in fact the appellee admitted cutting the trees; there was no dispute but what the cutting was done on the appellant's land; there was no dispute but what the cutting was done within twelve months; therefore every element necessary to subject the appellee to the payment of the statutory penalty was either overwhelmingly proved or altogether admitted except the element of wilfulness or recklessness and want of permission.

The court instructs the jury for the defendant that the plaintiff cannot recover anything unless they believe from a preponderance of the evidence that the defendant cut the trees sued for, without permission, and then she can only recover the market value of said trees as shown by the evidence. This instruction is palpably absurd; it would deprive the plaintiff of recovering the value of her timber cut and removed from the land, although she had entered into contract with the defendant and the defendant had removed it by virtue of the contract, because it expressly announces that there could be no recovery by the plaintiff except it be shown that the cutting of the trees was without permission. It very adroitly omits to state whose permission is

required in order to authorize the defendant to enter upon the plaintiff's land and cut the plaintiff's timber.

The power of attorney from Mrs. M. L. Hicks to Edward D. Peirce cannot, by any reasonable construction, be interpreted so as to authorize the said Peirce to permit the appellee, or any one else to build a railroad across the land mentioned in the declaration, or to cut the timber on the said land without compensation to the appellant; the powers conferred by the instrument are, "to sell, rent, lease, or incumber all or any part of my said property, at such figures and upon such terms as to him may seem proper." There is no authority in this to the said attorney in fact or agent to grant any license to appellee or any-one else to cut timber or to build a railroad across the land. The powers conferred by the instrument will not be enlarged by the court.

*Samuel H. Terral* and *Watkins & Watkins,* for appellee.

During the entire trial in the court below the authority of Peirce was admitted by the defendant. The point was not made in the court below that Peirce was not authorized to give the appellee permission to enter upon the land of the appellant. The trespass complained of was committed about the 10th day of May, 1906, that Peirce acquired the land in question by deed from one Dossier and wife February 18, 1897, and subsequently conveyed it to appellant. Peirce, the first witness for the plaintiff, stated in answer to question of the plaintiff's counsel that he was the agent of the plaintiff, and that, acting for the appellant, he corresponded with the appellee's agents and servants in regard to the right of way over the land in question, and he sold the timber on the land in question to some timber syndicate afterwards.

It has been thoroughly established by this court that it is a complete defense in an action of trespass to show that the entry was made on oral permission. That it would be the grossest fraud to tell a party that he could commit the trespass and then

seek to hold him liable for damage.  *Currie v. Railway Co.,* 61 Miss. 725.

FLETCHER, J., delivered the opinion of the court.

The controlling question in this case is whether Mr. Peirce gave the appellee permission to enter upon the land and cut such timber as was needed for a right of way, and the jury by the verdict has answered this question in the affirmative.  This all-important fact renders harmless the error of the court, if error it was, in charging the jury that there could be no recovery of the statutory penalty for cutting the trees.  In this case the right to recover for the actual value of the timber and the right to recover the statutory penalty depend upon exactly the same question; and, this being settled, one issue must be held conclusive as to the other.  In other words, since the jury has said that permission was given, the result would have been the same, had the court submitted to the jury the question of statutory penalty, as well as actual damages.  The alleged mistake was, therefore, *damnum absque injuria.*

The third instruction given for defendant is vigorously assailed, because it states that there can be no recovery if Peirce gave the appellee verbal permission to enter and construct a railroad, since this charge would preclude a recovery of the contract price provided there had been a contract.  But the significant fact is "that no contract was shown in the testimony, and the jury must have understood the true purport and apprehended the real meaning of the charge.

We think the power of attorney executed by Mrs. Hicks to Peirce was sufficient to enable her agent to give the permission upon which the appellee relied, and we think such verbal license is a good defense to this action.  *Currie v. Railway Company,* 61 Miss. 725.

*Affirmed.*