## NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD COMPANY *v.* WYATT MOYE, Admr., &c.

1. PRACTICE : EVIDENCE: OBJECTIONS TO MUST BE SPECIFIC.—Objections to the introduction of evidence must be so specific as to present distinctly to the court the precise point relied on by the objector ; and hence an objection to the introduction in evidence of a deed made by a Chickasaw Indian, " that it was not made and certified to according to the requirements of the treaty with the Chickasaw Indians," is bad : the objection should have pointed out specifically and distinctly in what respect the deed and certificate were not in accordance with the treaty.

2. HIGH COURT : WILL NOT NOTICE POINTS NOT RAISED IN COURT BELOW.— This court will not notice errors or objections which do not appear to have been properly insisted on in the court below.

3. SAME : ASSIGNMENTS OF ERROR : MUST BE SPECIFIC.—Assignments of error in this court must state specifically and distinctly the action of the court below insisted on as error.

New Orleans, J. and G. N. Railroad Co. *v.* Wyatt Moye, Admr., &c.

4. CONSTITUTIONAL LAW: CLAIM OF OWNER FOR COMPENSATION NOT DIMINISHED BY BENEFITS OF IMPROVEMENT.—The rule recognized by this court in *Brown* v. *Beatty*, 34 Miss. R. 227; *Isom* v. *Miss. Cent. R. R. Co.* 36 Id. 300; and *Penrice* v. *Wallis*, 37 Id. 172—that the compensation to be paid to the owner of property taken for the public use is not to be diminished by any advantages which may accrue to him by the construction of the public work to which it is applied—is approved and confirmed; and the rule also declared to apply to cases where the incidental benefits arising from the public work is attempted to be set off against the incidental damages accruing to property from its construction.

5. STATUTE OF FRAUDS: PAROL LICENSE TO ENTER LAND GOOD.—A parol license given by the owner to a railroad company to enter upon his land and construct thereon their road is not within the Statute of Frauds of this State, and is a good defence to an action of trespass against the railroad company for an entry on the land.

6. SAME: PAROL LICENSE TO ENTER GENERALLY REVOCABLE: BUT NOT WHERE IT WOULD BE A FRAUD ON GRANTEE.—A parol license to enter upon land is revocable at the pleasure of the owner, unless when the revocation would operate as a fraud upon the rights of the party to whom it was granted.

7. HIGHWAYS: URBAN EASEMENTS: DEDICATION OF A STREET.—If the owners of urban property lay off a street through the same, and set it apart as a highway, and it is so used by the public, it is a dedication of the street for the public use.

8. SAME: SAME: DEDICATION A QUESTION FOR THE JURY.—Whether a street in a city or town has been dedicated by the owner of the soil to the use of the public or not is a mixed question of law and fact, to be determined by the jury, under the direction of the court. The law will not presume a dedication by the public use of it for a shorter period than ten years, but the jury may infer such dedication after a use by the public of three or four years without prohibition, or any visible sign that the owner means to preserve his private rights.

9. SAME: WHO MAY RECOVER DAMAGES FOR OBSTRUCTING A STREET.—The owner of a lot situated on a public street may recover damages resulting to his property for the unauthorized obstruction of the street.

10. STATUTE OF LIMITATIONS: CHICKASAW INDIAN BOUND BY.—The interest of a Chickasaw Indian in land situated in this State is subject to the bar created by an adverse possession for the time prescribed in the Statute of Limitations.

11. EXECUTOR AND ADMINISTRATOR: MAY SUE FOR TRESPASS TO REALTY, WHEN.—The right to recover damages for a trespass committed on realty in the lifetime of the intestate survives to his administrator.

ERROR to the Circuit Court of Monroe county. Hon. Joel M. Acker, judge.

On the 10th day of March, 1856, Alexander instituted an action against The New Orleans, Jackson and Great Northern Railroad Company for damages occasioned by the construction of their road through his premises. The second count was to recover damages for obstructing a street leading from plaintiff's premises, and for rendering the same impassable.

The defendant demurred to the declaration upon the ground that the Act incorporating the company provided for a writ of *ad quod damnum,* and that plaintiff had no other remedy but that. The demurrer was overruled, and the defendant then pleaded the general issue. The plaintiff having died in 1857, the cause was revived in the name of Wyatt Moye, his administrator.

On the trial the plaintiff offered to read in support of his title a deed from Lotty James, a Chickasaw Indian, and a reservee under the treaty between said Indians and the United States, to Mark Prewett, from whom he purchased. The defendant objected to this deed as evidence "because not made and certified to according to the requirements of the treaty with the Chickasaw tribe of Indians." The objection was overruled, and defendant excepted. The plaintiff then read said deed to the jury. The deed was dated 18th October, 1839. He then read a deed from Mark Prewett to said Alexander, for the premises in controversy, dated 3d April, 1847. He then proved that Prewett went into possession in 1839, soon after the date of his deed from Lotty James, and continued in possession till he sold to Alexander, who then went into possession and so continued till the time of his death in 1857. It was also proven on behalf of the plaintiff that, in the year 1854, a contractor under the defendant dug a road-bed for the defendants through one corner of the lot, cutting off about one-fiftieth of an acre ; also through a street running in front of the house, and by which alone egress and ingress from and to the lot could be had in a westerly direction; that the road-bed had rendered this street impassable, and that by the cut on the lot it was damaged fifty dollars, and by obstruction of the street it was damaged two hundred dollars.

The proof in relation to the dedication of the street was in substance as follows: that in 1845 or 1846 Mark Prewett (plaintiff's vendor) and one Saunders, who were then the owners of

the land adjoining, opened the street for their mutual accommodation ; that from that time till its obstruction by defendant it was used as a highway; that it was so used by the public at the time of Alexander's purchase from Prewett, and that Alexander had built his house fronting the street; that, when the defendant was about to obstruct the street, two of the citizens of Aberdeen, owning property adjoining, applied to the mayor and aldermen of the city to take steps to prevent it, and they were answered that it was not a public street—had never been recognized by them, or established as such—and they could render them no assistance. That where the railroad crosses this street the land was not owned by Alexander, but by two others, who had sold the right of way to the defendant.

The deposition of Reuben Davis, taken on behalf of defendant, was offered in evidence by defendant. In this deposition the witness states that he was agent of defendant in procuring the right of way, and that, in the spring or fall of 1854, he had a conversation with Alexander in reference to the right of way over his lot, under the circumstances and to the effect following: Witness met Alexander about the time he was having the damages assessed for adjoining proprietors, and the contractors had nearly reached the lot of Alexander, who asked witness if he did not think he, Alexander, ought to claim damages for the railroad passing over a portion of his lot. Witness told Alexander he thought not; that the road passed over only a very small portion of his lot and could not damage it, and that he (A.) was interested in building up the town, and the completion of the road would add greatly to the value of his property as well as that of others living in the town. Alexander then said : " I will not claim damages, and you need not have a jury assembled to assess the damages, but can go on with the completion of the road." The deposition further stated that no consideration whatever was offered or paid by the defendant for the right of way over Alexander's land.

To the introduction of this evidence plaintiff objected, "because the agreement testified to by the witness was not in writing." The objection was sustained, and defendant excepted.

Defendant proposed to prove by two witnesses (Moye and

Strong) "that the incidental benefits accruing to Alexander's property, by reason of the railroad being built, was greater than the incidental damages to the property caused by the railroad crossing the supposed street between Alexander and Payne." On objection of plaintiff this testimony was not allowed to go to the jury, and defendant excepted.

The instructions given on behalf of plaintiff which are assigned as error are as follows:

2. "If the jury believe, from the evidence, that the plaintiff had actual exclusive possession of the said land at the time of the trespass, then he has a right to maintain this action."

5. "If the jury believe, from the evidence, that the street which was obstructed by the digging was a public street or highway, and that plaintiff's use thereof was materially damaged by such digging, (of the road-bed,) then plaintiff is entitled to recover."

7. "If the jury believe, from the evidence, that the plaintiff and his vendor, Mark Prewett, had actual adverse possession of said land for ten years prior to the time when the trespass was committed, the plaintiff's title by such possession is sufficient to maintain this action, in the absence of any other title."

8. "That if the jury believe, from the evidence, that Saunders and Mark Prewett did, in the year 1846, set apart the street in front of Dr. Alexander's residence as a highway, for a consideration, and that it was so used by the public until closed up by defendants, that this amounts to a public dedication of the street to public uses; and, if plaintiff was injured by such closing up, he is entitled to recover such damages as legitimately and naturally resulted from such stoppage of the street."

9. "That if such street were used by the public for the space of three or four years, without objection on the part of the owners of the soil, the jury have a right to presume a dedication of said street, by the owners, to public uses and purposes."

10. "That the right of the public and of plaintiff to the use of said street does not depend on a twenty years' possession, but that a use for any length of time, with the assent of the owners of the soil, is sufficient."

The instructions asked for by defendant and refused are as follow:

7. "That the constitution of the United States, and the treaties made under and in conformity therewith, are the supreme law of the land, and the treaty with the Chickasaw tribe of Indians having fixed the mode, as the only one, whereby the Chickasaw tribe of Indians could be divested of their lands, the Legislature of the State of Mississippi could pass no laws by which said Indians could be divested of their title otherwise than in the mode pointed out in said treaty, whether that law be in the form of the Statute of Limitations or in any other form."

8. "That the deed from Lotty James to Mark Prewett to the land in controversy was void from the beginning, and created neither a title, nor such color of title, as could against Lotty James ripen into a title in Mark Prewett or his vendors," (vendees?)

9. "That real estate descends directly to the heirs of the decedent, and not to his administrator; and the administrator can neither recover the land if out of his possession, nor damages, for a trespass on it."

10. "That this action does not survive to the administrator."

There was verdict and judgment for plaintiff for two hundred and fifty dollars. Defendant's motion for a new trial was overruled, and he sued out this writ of error.

Plaintiff in error assigned the following errors:

1. The court erred in admitting as evidence the deed of Lotty James to Mark Prewett, as appears on pages 19 and 20 of record.

2. The court erred in excluding questions propounded to witnesses, Moye and Strong, in reference to the incidental benefits to the lot of defendant from construction of the railroad.

3. The court erred in excluding R. Davis's deposition.

4. The court erred in giving charges 2d, 5th, 7th, 8th, 9th and 10th, for plaintiff.

5. The court erred in refusing the 7th, 8th, 9th, and 10th charges asked by defendant.

6. The court erred in overruling defendant's motion for a new trial.

*Houston* and *Reynolds*, for plaintiff in error.

1st assignment of error. Lotty James, as shown by the testi-

mony, was one of the Chickasaw Indians, and entitled to a reservation of land. The land of the Chickasaw Indians could be conveyed only in the manner established by the treaty of May 24, 1834. The deed of Lotty James is not certified according to provisions of that treaty. The laws and treaties of the United States are the "supreme law of the land," and the Statute of Limitations of Mississippi coming in conflict with this treaty, must yield to its superior. Hence the action of the court below in admitting deed of Lotty James, and possession under it, for a certain term of years, as evidence of title in Mark Prewett, was erroneous.

Under the second count in the declaration, the defendant must show he has title to the property. Mere possession is sufficient to recover for trespass complained of in first count.

2d assignment of error. Plaintiff in error asked the witnesses, Moye and Strong, "whether or not the incidental benefits to defendant in. error were not greater than the damages complained of for obstructing street," &c. The object of the testimony was not to off-set, against the damage done, the enhanced value of the land by the construction of the road. The defendant in error had sued for damages in obstructing a street that was a mode of egress and ingress to his lot. The court will see, by reference to page 30 of transcript, that the road crossed the street, not on the land of defendant in error, but on land of other parties. Was it not competent to show that benefits from the construction of the road counterbalanced the damage arising from the obstruction? Suppose the owners of the land, Strong and Paine, through which the street runs, had obstructed it by running a fence across it; would it not be competent for them to show, in defence to an action brought by Alexander for such obstruction, that they had opened another street more convenient to him? Such testimony would have been admissible to. show amount of damage sustained. The case of *Brown* v. *Beatty*, 34 Miss. R. 241, 242, does not conflict with above position. *Chase* v. *New York Central R. R.*, 24 Barbour, (N. Y.,) 273 ; *Luther* v. *Winnisement Co.*, 9 Cush. (Mass.) 171 ; *Elliott* v. *Fitchburg R. R.. Co.*, 10 Id. 191 ; *Brower* v. *Merrill*, 3 Chandler, (Wis.,) 46 ; *Stein* v. *Burden*, 29 Ala. R. 127.

3d assignment of error. The testimony of Davis shows "that defendant in error gave plaintiff in error parol permission to enter upon the land, and do the work which is complained of as a trespass." The question involved in the assignment of error is this: "Will a parol license to enter upon the land of another bar an action of trespass for such entry?" The following authorities establish conclusively the affirmative of the proposition: *Wilson* v. *Chalfant*, 15 Ohio, 252; *Wilbur* v. *Paine*, 1 Id. 251; *Buck* v. *Waddle*, 1 Id. 357; *Wallis* v. *Harrison*, 4 Mees. & Wels. 538; *Miller* v. *Auburn and Syracuse R. R.*, 6 Hill, (N. Y.,) 64; *Riddle* v. *Brown*, 20 Ala. R. 418; *Cook* v. *Stearns*, 11 Mass. R. 533–537; *Wood* v. *Leadbetter*, 13 Mees. & Wels. 844; 3 Kent's Com. marg. pages 450–452; 8 Pick. 283; 8 Id. 402; 10 Id. 540; 2 Peters, 143; 1 Greenleaf R. 117; 4 Serg. & R. 241; 14 Id. 241–267; 11 New Hamp. 102; 17 Serg. & R. 383; 5 Greenleaf R. 9; 1 Cowen, 570.

The case of *Miller* v. *Auburn and Syracuse R. R.*, 6 Hill, (N. Y.,) 64, is directly in point.

4th assignment of error. The legal principles involved in charges 2, 5, and 7 have been discussed under 1st assignment of error.

The 8th charge is abstract. No testimony was introduced tending to show that Saunders and Prewett had set apart the street, for *a consideration*, as *a highway*. It may be law, but has no application to facts of this case.

Charges 9th and 10th do not enunciate correct legal principles. They say that a dedication of private property for public uses may be inferred from the use by the public, for the space of three or four years. A dedication of private property to the public is either express or implied. It is implied when there is an uninterrupted user by the public for the space of ten years. The dedication is presumed or implied from the user. 3 Kent's Com. 450, 451; *Vick* v. *May. and Ald. of V.*, 1 How. (Miss.) 379; *John Brown* v. *Manning*, 6 Ohio R. 303, 304; *Woodyer* v. *Hadden*, 5 Taunt. 125; *Wood* v. *Veal*, 5 Bar. & Ald. 454; Matthews Presump. Ev. 336; 10 Peters, 662–666; Peters, 505, 506.

The 9th charge would have been correct if it had lengthened the time of user from three or four years to ten. Whether the

street was a public or private one was a material point in the case. If a private street, and not the property of defendant in error, he could not complain of its obstruction. The testimony is, that the street was opened for the accommodation of Prewett and Saunders, the owners of the land adjoining; that it has been used by the public about five years before the time of its obstruction; that at the time of the obstruction application was made to the city authorities of Aberdeen to interfere and prevent it; that the authorities declined to interfere, to use the language of witness, Bishop Payne, "because it was not a public street—had never been recognized or established as such;" and that Paine and Strong were the owners of the land where the railroad crossed the street, and had sold to the railroad the right of way. Independent of the authorities which have been cited, we think the case of *Tegarden* v. *McBean & Kibbee*, 33 Miss. R. 290, is conclusive upon the question whether or not a public or private street.

5th assignment of error. The argument under the 1st head is applicable to charges 7th and 8th.

Charges 9th and 10th were improperly refused. The authorities sustain them.

*Dowd* and *Sykes*, for defendant in error.

1. The damages resulting from blocking up the streets and rendering the place inaccessible can be recovered under the count in case, whether the lot were actually invaded or not. 1 Am. R. R. Cases, 336, 552; *Dodge* v. *Esset*, 3 Metcalf, 380; Sedgwick on Damages, 568; *Fletcher* v. *Auburn R. R. Co.*, 25 Wendell, 464. In the latter case the question was fully considered and settled.

2. The Circuit Court properly excluded the evidence of Davis, set up to establish a parol grant of the perpetual right of way and a permanent interest in the lands. This is in the very teeth of the Statute of Frauds, which extends generally to all estates, *interests or leases;* to all interests continuing for a longer space that twelve months.

It is unnecessary to enter into a lengthy review of all the decisions in reference to what is a mere license to enter on the lands of another, which may be granted in parol and revoked

at pleasure, unless the license is executed. These decisions are in conflict with each other, and are wholly irreconcilable. They grew out of the practice of the English courts of incorporating exceptions to the Statute of Frauds and Perjuries, and are founded on the same reasoning.

But it has never yet been held in any case that a permanent interest in lands, like the right of way of a railroad, involving the perpetual occupation, and an interest that embraces all the elements of a fee simple, can be created by parol.

In *Cook* v. *Stearns,* 11 Mass. R. 536, it was contended that a parol license to erect a dam and run a canal through another's land was valid, and after the work was done could not be revoked. Chief Justice Parker says that this is the claim of a permanent interest in the land; a right to maintain the dam and canal, and to enter at any time and make repairs. This is an interest which cannot pass except by deed or writing. A license is an authority to do some act or series of acts on the land of another—as to hunt, cut down trees—without passing any interest in the land. This is revokable until executed, but not afterwards. But licenses, which in their nature amount to and create a permanent interest in the land, are void without a deed. A license by parol to cut a tree amounts to nothing more than an excuse for the trespass; but a permanent right to hold another's land for a particular purpose, to enter upon it at all times without the owner's consent, is an important interest, which cannot pass without writing, and is in the very language and letter of the statute.

In *Mumford* v. *Whitney,* 15 Wendell, the Supreme Court of New York collect and review all the cases on this subject, and fully sustain the propositions we have laid down; p. 386–391. See also *Ex parte Coburn,* 1 Cowen, 570; *Thompson* v. *Gregory,* 4 Johnson R. 81; *Jackson* v. *Buel,* 9 Id. 298.

It is settled in this State that no exceptions will be incorporated in the Statute of Frauds; they were all swept away, and the policy of the State firmly fixed, by the decision of this court in *Box* v. *Sanford,* 13 S. & M. 93, which was affirmed in the strongest, most unmistakable language in *Gothard* v. *Flynn,* 25 Miss. R. 60.

But the language of Alexander did not even amount to a parol grant of the right of way. He only said, I will not sue for, or claim, damages. This is nothing more than a naked promise, without any consideration, and, like other promises not to sue without any consideration, is wholly void.

3. The charges propounded the law correctly. The case of *Brown* v. *Beatty*, before cited, settles the question as to the damages to be allowed, and that the consequential benefits to be derived from the construction of the road are not to be received in mitigation.

4. As to the title of the land, the certificates to the deed of L. James to M. Prewett are sufficient, and in strict accordance with the treaty.

But, independent of this, actual adverse possession and occupancy, under color of a paper title, was proven for nearly twenty years in the plaintiff and his vendor. This is sufficient of itself to confer title, as has been repeatedly decided by this court, and would authorize an action of ejectment or trespass. 31 Miss. R. 253; *Benson* v. *Stewart*, 30 Id. 49; *Ford* v. *Wilson*, 35 Id. 490.

5. In reference to Alexander's right to the use and enjoyment of the street, the proof shows that it was made a public street by Prewett and Saunders in 1845 or 1846; that Alexander bought his lot from Prewett in reference to this street, and *built his house fronting it*, and as such it was ever afterwards used. The court charged the jury in accordance with the rules established by the following authorities: 3 Kent's Com. 554, 555, 527; *Vick et al.* v. *Mayor and Ald. Vicksburg*, 1 Howard, 379.

HARRIS, J., delivered the opinion of the court:

This is an action of trespass, commenced by defendant's intestate in his lifetime against the plaintiff in error, to recover damages for the construction of a railroad through the premises of defendant's intestate. The second count is for the recovery of damages for obstructing streets, and rendering the same impassable, around said premises.

There was a demurrer filed to both counts, and it is agreed by counsel on the margin of the record that the demurrer was overruled. No judgment of the court appears in the record.

The general issue was relied on as a defence to both counts, and the cause was submitted to a jury and verdict rendered for defendant in error for two hundred and fifty dollars, and judgment entered accordingly.

A motion for a new trial was then made, which was refused, and this judgment of the court excepted to and exceptions filed, and the case brought to this court by writ of error.

We shall not notice the assignment of error upon the judgment of the court overruling the demurrer to the complainant, as this ground is not relied on in the argument of the case here.

The 1st ground of error assigned is, that the court erred in admitting the deed from an Indian to one Prewett as testimony.

The special ground of exception is not stated in the assignment, but we are referred to the pages of the record showing the deed and the objections made in the court below. The record states that the deed and certificates thereto were offered in evidence by the plaintiff below, and that defendant below objected to the reading of the deed, because not made and certified to according to the requirements of the treaty with the Chickasaw tribe of Indians; and plaintiff in error introduced evidence showing that Lotty James was an Indian of the Chickasaw tribe and a reservee.

Neither the assignment, record, nor brief of counsel point to the precise error complained of. The plaintiff in error should have specified both in the court below and his assignment here in what respect the deed or the certificates were not according to the requirements of the treaty alluded to; otherwise this court might originate and decide points which were not urged in the court below.

It is settled that this court will not notice errors or objections which do not appear to have been insisted on in the court below.

The 2d ground of error relied on is, that the court erred in excluding the questions propounded to witnesses, Moye and Strong, in reference to incidental benefits, &c.

. There was no error in the ruling of the court in this respect. See *Penrice* v. *Wallis,* 37 Miss. R. 172; *Isom* v. *The Miss. Central R. R.* 36 Id. 300; *Brown* v. *Beatty,* 34 Id. 227.

The 3d ground of error relied on is, that the court erred in

excluding the deposition of Reuben Davis, who testified that, before the trespass complained of, defendant's intestate gave his consent to Davis, the agent of the plaintiff in error, that the road might be constructed through his premises; that he would not claim damages, and he, Davis, need not have a jury assembled to assess the damages, but could go on with the completion of the road.

It is insisted for plaintiff in error that this evidence was incompetent, because it set up a *parol grant* of the perpetual right of way and a permanent *interest* in the lands; and, second, that even if such a contract or parol grant were valid in this respect, there is no consideration for it in this case, and it is consequently void.

These objections to the testimony of the witness are untenable on both grounds.

First, it will be observed that if this were a case coming within the operation of the Statute of Frauds, (the 29th Charles in England,) yet there is a wide difference between the language of our statute (Rev. Code, p. 358) and that statute, as well as the statutes of the States from which decisions are quoted in the brief of counsel for defendant in error. The words, "or any *interest* in or concerning therein," contained in the English statute, are omitted in ours.

But the true reason why the objections are not tenable is, that the matter set up is not a *contract* at all, and never was binding as such upon defendant's intestate. But it was a mere license or permission, revocable at any period, unless where such revocation would operate a fraud or injury upon the party to whom it was granted; and not depending on any consideration to support it more than any other executed gratuity or gift. The case here is even stronger than this for plaintiff in error, for this is not an action to *enforce a contract*, but a defence to an action of trespass for doing what this evidence shows plaintiff below permitted and licensed to be done. It is not an *action* to *charge* any person, but a defence to discharge the defendant below from a trespass.

The authorities are numerous on these points. See brief of plaintiff in error.

OCTOBER TERM, 1860. 387

New Orleans, J. and G. N. Railroad Co. *v.* Wyatt Moye, Admr., &c.

We are of opinion therefore that it was error to have excluded this testimony.

The 4th assignment of error is, that the court erred in giving the 2d, 5th, 7th, 8th, 9th and 10th instructions. We have examined these instructions, and think there was no error, except the 10th instruction may be liable to the objection that, as a *matter of law*, without the inference which a jury may or not draw from the circumstances in evidence, *dedication* cannot be established by proof of user for "*any length of time*" with the assent of the owners of the soil. The correct rule is, that the length of time of enjoyment, short of ten years, furnishes no *rule of law* on the subject which the court can pronounce without the aid of a jury; but it is a matter of fact for the jury to consider, as tending to prove an actual dedication, and an acceptance by the public, which *they may* infer from *any time.* 2 Greenleaf's Ev. 717, 718, sec. 662, 7th ed., and numerous authorities cited in the notes.

The case of *Tegarden* v. *McBean & Kibbee*, 33 Miss. R., 283, is not a case analogous to this. It was a case in relation to *public roads*, and what is necessary to constitute them such. This is the case of the dedication of urban easements. See *Vick et al.* v. *May. and Ald. of Vicksburg*, 1 How. (Miss.) R. 379.

The 5th ground of error assigned is, the refusal to give the 7th, 8th, 9th and 10th instructions asked by the plaintiff in error. We think these instructions were properly refused.

For the error in excluding the testimony of witness Davis, the judgment will be reversed, cause remanded, and a *venire de novo* awarded.

HANDY, J., being a stockholder of the railroad company, did not sit in this case.