BLAIR ET UX *v.* FRANK B. RUSSELL & Co.

[81 South. 785, Division B, No. 20695.]

1. PARTNERSHIP. *Attachment. Nonresidence. Residental single partner.*

In an attachment against a partnership, if one or more of the partners are residents of the state, the attachment cannot be sustained on the ground of nonresidence.

2. APPEAL AND ERROR. *Directed verdict. Truth of evidence.*
Where judgment was entered for the defendant on a peremptory instruction for the defendant and the plaintiff appeals to the supreme court, his testimony must be taken as true for the purpose of the appeal.

3. PARTNERSHIP. *Attachment. Fraud. Evidence.*

In this case which was a suit against a partnership to recover for trees wrongfully cut and carried away, the court held that the evidence was sufficient to sustain an attachment on the ground of defendants' fraud in drawing up a deed to certain timber not in accordance with the agreement between the parties.

4. EVIDENCE. *Parol evidence. Affecting writing. Timber deed fraud.*
In an action by husband and wife for the wrongful cutting of timber on a homestead under a deed to defendants purporting to be signed by the husband, which deed was void for uncertainty of description and invalid because the wife did not sign it. In such case testimony as to defendant's fraud on the husband in inducing him to sign the deed which did not correctly embody the agreement of the parties was not inadmissible as varying the deed by parol evidence.

5. HOMESTEAD. *Conveyance of timber. Non-joinder of wife. License. Termination.*

Where a husband by deed conveyed timber upon a homestead which deed was not joined in by the wife, such deed was void as to the timber on the homested or at most constituted the grantee only a licensee, and such license was terminated when the grantor and his wife gave notice to the grantee not to further cut such timbers.

APPEAL from the circuit court of Monroe county.

HON. CLAUDE CLAYTON, Judge.

Suit by attachment by W. F. Blair and wife against Frank B. Russell & Co., a partnership. From a judgment for defendant, both on the attachment and debt issues, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*McFarland & Holmes,* for appellant.

This case is a suit by appellants against appellee under section 4977, Mississippi Code of 1906, which provides as follows: "If any person shall cut down, deaden, destroy or take away, if already cut or fallen, any cypress, white-oak, black-oak or other oak, pine, poplar, black-walnut, cherry, pecan, hickory, chesnut, birch, ash, or beech tree, on land not his own, without the consent of the owner, he shall pay to the owner of the tree or trees fifteen dollars for every such tree so cut down, deadened, destroyed, or taken away; and for every other tree not herein described so cut down, deadened, destroyed, or taken away, the sum of five dollars shall be paid."

As well said in *Keirn* v. *Warfield,* 60 Miss. 799: "The letter of the statute gives the penalty upon proof of any cutting upon the land of another. The courts have modified its right by holding that the defendant may defeat a recovery by showing that it occurred through accident, inadvertence, and mistake; provided reasonable care and caution were taken to avoid the mistake. The burden, therefore, of showing both the unintentional mistake and the exercise of reasonable care to avoid it, is upon the defendant. What will amount to the exercise of proper care must necessarily depend upon the facts of each case." In this case the question of reasonable care and caution or good

faith, is one of fact and should be submitted to the jury. *Hall* v. *Shean,* 111 Miss. 223; *Haley* v. *Taylor,* 77 Miss. 867, at page 871. The *bona-fides* and reasonableness of the defendant's belief that he has the right to do what he does (cut timber) under a claim of title in himself is a question for the jury to decide from all the facts and circumstances in the case. *Boykin* v. *State,* 24 So. 141, 21 Col. 144.

Where testimony was introduced tending to support the averment of a trespass, and the conveyance relied upon by the defendant afforded no defense, the issue should be submitted to the jury. *Goodson* v. *Stewart,* 46 So. 239; See, also, *I. & N. R. R. Co.* v. *Smith,* 37 So. 490.

The court will observe that the pretended deed or contract introduced by appellee conveyed the white-oak timber on "two hundred and forty acres in Monroe County, in section 14, Township 12, Range 16." While the timber cut was in another and differtn section and township and situated on the homestead of appellants; the purported contract or deed conveying timber on other land could not be introduced in this case. Besides even if the description was proper and purported to convey the timber actually cut, the deed was absolutely void because it was signed only by William F. Blair, the husband, and not joined in by his wife, Hanna Blair, said timber being cut from the homestead of appellants. This court on numerous occasions held that the conveyance of the homestead, or the timber thereon, by the husband alone is invalid, and operates nothing. It confers no right legal or equitable. *Hubbard* v. *Sage Land & Improvement Co.,* 81 Miss. 616; *McKenzie* v. *Shows,* 70 Miss. 388; See, also, *Bolen* v. *Lilly,* 85 Miss. 344; *Zukoski* v. *McIntyre,* 93 Miss. 806.

"A deed executed by a husband alone purporting to convey a right of way over a homestead is void, and is

no defense to an action of trespass by the husband and wife." *G. & S. I. R. R. Co.* v. *Single Terry,* 78 Miss. 772.

The court will bear in mind that in this case the evidence shows that William F. Blair thought he had sold to appellee one hundred trees only, and further that his wife, Hanna Blair, absolutely refused to convey any timber on her homestead. The testimony shows that Hanna Blair had once lost her homestead in Alabama by signing a mortgage thereof, and she absolutely refused to sign any paper connected with this homestead because she desired to protect her rights therein; and not having signed any agreement to allow the timber to be cut off of her homestead. We respectfully submit that this case should have gone to the jury for their decision, and the peremptory instruction by the court in favor of appellee is reversible error. The question in this case is whether or not appelle acted *bona fide* and in good faith and with reasonable care and caution, and this is a question of fact and should have been submitted to the jury. It certainly cannot be said as a matter of law that appellees claim of good faith based on this void deed, is a good defense. If this is true the protection of the law given to homesteads is of no value in Mississippi.

In the case of *Cumberland Telephone Co.* v. *Cassidy,* 78 Miss. 666, the court held that the authority given by a city council did not justify appellant in cutting trees of appellee over his protest, and that appellant was a naked and wilfull trespasser and liable for the penalty. And a peremptory instruction in such case in favor of defendant is reversible error. *Brahan* v. *Telephone Co.,* 97 Miss. 326; See, also, *Clay* v. *Telephone Co.,* 70 Miss. 406.

Under a warranty deed giving defendant the right to cut and remove trees, defendant is liable for the statutory penalty for boxing and turpentining the

trees and setting out fire on the land. *Rogers* v. *Lumber Co.*, 115 Miss. 339. If the statutory penalty was allowed in the above case, we submit that certainly the question of its allowance in this case should have gone to the jury.

The misconstruction of the law by a defendant is no defense for the statutory penalty under section 4977. *Smith* v. *Forbes*, 89 Miss. 141: "The permission given orally was a mere naked license, and defendant had no right upon the land after its revocation, and was a trespasser. This question of good faith on the part of the defendant was clearly for the determination of the jury." *Ward* v. *Rapp*, 44 N. W. 934.

Questions of fact are for the jury, and it is for the jury to determine whether the trespass was wilfull or careless, so as to subject the defendant to a penalty. 38 Cyc. 1174, (II): *Telephone Co.* v. *O'Deneal*, 26 So. 966; 38 Cyc. 1151 and 1152.

Where there is conflicting evidence touching the material fact of the case, the latter should be submitted to the jury and a peremptory instruction is error. Bobbs Merrill Miss. Digest "Trial," 143.

A peremptory instruction will be error unless the evidence, conceding it to be absolutely true, discloses no legal right in the party against whom the instruction is given. Bobbs Merrill Miss. Digest "Trial" sec. 167.

We respectfully submit to the court that appellant's motion for a judgment by default should have been granted; appellee had failed to file any pleas to this cause for several terms of court and under the rules of practice plaintiff should have been given a judgment by default.

As we understand this case, the plaintiff made out a case for the statutory penalty when the cutting of the trees on their homestead was proved; it then devolved upon the defendant to prove some legal ex-

cuse for this cutting, or some evidence showing that he acted in good faith and *bona fides*. This he utterly failed to do, and in our opinion, if, a peremptory instruction was proper it should have been granted the plaintiffs; at any rate the question of defendant's liability for the statutory penalty should have been submitted to the jury.

*W. D. & J. R. Anderson,* for appellees.

One assignment of error is that the court below erred in directing the jury to return a verdict for the appellees on the attachment issue. We did not understand that there was any very serious contention on this subject in the court below. The undisputed testimony showed that the partnership of Frank B. Russell & Company was composed of Frank B. Russell and S. R. Russell and that Frank B. Russell was a resident citizen of Louisville, Kentucky, and S. R. Russell, a resident citizen of this state, and that the partnership property in this state had been attached for the firm indebtedness (the statutory penalty claimed). There was not a particle of testimony tending to establish the other ground of attachment; that is that the debt sued for had been fraudulently contracted. So the case stood on the attachment issue with the facts undisputed; and under the facts, the court held that the non-residence of Frank B. Russell under the circumstances was no ground for attachment. We think this question is settled beyond dispute by our statute, section 131 of the Code of 1906, Hemingway's Code, sec. 123, and the construction put upon this statute by our supreme court. The applicable part of this statute reads as follows:

"In case any one or more partners shall be liable to attachment on any of the enumerated grounds therefor, save the first, an attachment may be maintained

against said partners, or all of the partners by the partnership creditors; and the property of the partnership, in either case, may be levied on and dealt with in all respects as if the grounds of attachment existed as to all of the partners."

The first ground of attachment is non-residence. Our court in construing this statute held that where one or more partners reside in this state an attachment cannot be sustained on the ground of non-residence of another partner. *Barney* v. *Moore Lumber Co.*, 95 Miss. 118, 48 So. 232. The reason of the statute is that there is no occasion for resorting to the extraordinary remedy of attachment against a partnership where one of the partners is a resident citizen of the state and the partnership property is in the state.

Section 3935, Code 1906, section 2942, Hemingway's Code, provides: "in actions against partners, some of whom are nonresidents of this state or cannot be found, service of process on such partners as may be found in this state shall be sufficient to maintain the suit against all the partners so as to bind the assets of the partnership and the individual summoned."

With this remedy provided by statute there was no earthly use of the resort to attachment. This was the reason for the enactment of the quoted part of section 131, Code 1906. There was no difficulty of reaching the assets of the firm in this state under the circumstances, by an ordinary suit.

We will now take up the question arising on the debt issue. In order that the court may understand the questions we will make a somewhat fuller statement of this branch of the case.

On the 8th of November, 1913, the appellees received a deed from the appellant, W. F. Blair, to "all the white oak timber suitable for staves standing on the following land;" containing two hundred and forty acres in Monroe county, Mississippi, in section 14 town-

ship 12, range 16. This deed gave the appellees four years in which to cut and remove this timber. The consideration mentioned in the deed was one hundred dollars cash in hand paid. This deed was executed alone by the appellant, W. F. Blair, his wife not joining therein.

On the trial this timber deed was introduced on behalf of the appellees, and also testimony to show that under the authority of this deed the appellees cut the timber in question in good faith, believing that they had the right to do so. We will not now state more fully the testimony on this question. In another or subdivision in this brief we will go into that.

The appellants contended that the deed was void for the reasons stated above and for the further reason that one hundred and sixty acres of this land was the homestead and as to that the deed was void because the wife of the appellant, Mrs. H. F. Blair, did not join in the deed.

At the conclusion of the testimony both parties asked for peremptory instructions. The request of the appellees was granted and the jury directed by the court to return a verdict accordingly. On this verdict a final judgment was entered on the debt issue. The final judgment is a matter of very important consideration in determining the question in this case that we shall now address ourselves to.

After the motion of the appellants for a peremptory instruction had been denied by the court, appellants did not request the court to submit the issues of fact to the jury. The attorneys for appellants stood pat on their motion for peremptory instructions and asked no other instructions. Under these circumstances we contend that if there was evidence to sustain the findings of the court, the appellants have no right to complain. We contend that in this attitude what occurred, amounted to a submission by the parties to all

questions of law and fact to the court, and amounted to
a waiver of a jury. We think the court will find that
the principle we contend for is well settled by the
courts; that there is hardly a break in the authorities.

"Where both parties moved for a verdict, the verdict
directed was in effect the verdict of the jury." *Signa
Iron Co.* v. *Brown,* 64 N. F. 194 (N. Y.); *Claron* v.
*Baldwyn,* 46 N. F. 322 (N. Y.); *Bradley* v. *White,*
121 Fed. 779, 58 C. C. A. 55 (C. C. A., 5th Circuit);
*West* v. *Roberts,* 135 Fed. 350, 68 C. C. A. 58 (C. C. A..
5th Circuit); *Kohler* v. *Addler,* 78 N. Y. 287; *Howell* v.
*Wright,* 25 N. E. 912, 122 N. Y. 667; *McGuire* v. *Hart-
ford Ins. Co.,* 52 N. E. 1124, 158 N. Y. 680; *Rosenstein*
v. *Vogemann,* 92 N. Y. 86, 77 N. E. 625; *Snow* v. *Mod-
ern Woodman,* 24 Ohio Cir. Ct. Rep. 142; *Gilligan* v.
*Supreme Counsel,* 26 Ohio Cir. Ct. Rep. 42; *Sundling*
v. *Willey,* 193 N. W. 38, 19 S. D. 293; *Mascott* v.
*First National Ins. Co.,* 37 Atl. 255, 69 Vt. 116.

This question has been fully discussed and clearly
settled by the supreme court of the United States in at
least two cases. We ask the court to read and thorough-
ly consider these two cases. They are: *Benttell* v.
*Magone,* 157 U. S. 154, 39 L. Ed. 654, 15 Sup. Ct. Rep.
566; *Empire Cattle Co.* v. *Atl. Ry. Co.,* 210 U. S. 1,
52 L. Ed. 931, 28 Sup. Ct. Rep. 607, 15 Am. Cas. Ann.
70.

The request in this case as shown in the final judg-
ment on page 96 of the record clearly demonstrates that
attorneys for appellants stood pat when their motion
for a peremptory instruction was overruled. They did
not request that the jury pass on the issues of fact.
They did not ask instructions to the jury to govern
them in passing on such issues of fact. When the evi-
dence was concluded, both parties concluded that they
were entitled to a directed verdict in their favor. By
their motions for peremptory instructions they said to
the court there is no issues of fact in this case for the

jury to pass on.  When the court differed. with the attorneys for the appellants, they still held out.  We submit that it was not incumbent on the court to offer to submit the issues of fact to the jury.

However, we contend that even though the deed conveying timber was void because of the . description, still it was good as a parole license, to the appellees to cut this timber.  Even though the deed was void as to the homestead because not signed by the wife; it was good as a parole license to the appellees to cut the timber. A verbal license to cut timber is a good defense' to a suit for statutory penalty.  *Hicks* v. *Lumber Co.* 95 Miss. 353, 48 So. 624.

Evidence of a purchase by the defendant of the timber from the occupant of the land, and a declaration by the latter at the time of his right to sell, are admissible on the question of good faith, in a suit by the owner for the statutory penalty.  *Haley* v. *Taylor,* 77 Miss. 867, 28 So. 752.

It is well settled that in order to subject a party to liability for the statutory penalty for cutting trees the evidence must show that it was either done wilfully, knowingly or recklessly.  The authorities cited by appellants show this.

It is true that Blair and his family testified that after the appellees began cutting the trees and had cut a good many of them, they were notified that the wife of appellant claimed the land as her homestead.  This did not mean however that the trees were wilfully or recklessly cut. The appellees bought the timber paid for it and had a deed to it even tho the deed was void. They cut the timber in good faith believing they had the right to cut it under this deed.  If the appellees were liable at all they were only liable for the actual value of the timber which they were not sued for.  This land belonged to the appellant W. F. Blair and not to his wife. The appellees only got what they paid for.  It

makes no difference whether one has the legal right to cut trees or not, he is not liable for the statutory penalty, provided he cuts the trees honestly believing he has the right to cut them. That was what was done in this case, and all of the testimony shows it. The good faith of the appellees is not affected by any mistake of law on their part. The statutory penalty is a fine imposed for the purpose of punishing a wilfull trespasser.

We respectfully submit that leaving everything else out of view that we have stated and coming squarely down to the question of good faith in cutting these trees, the court was justified in rendering a verdict for the appellees.

Ethridge, J., delivered the opinion of the court.

Appellants sued out an attachment against the appellees, alleging that the appellees were justly indebted unto the appellants in the sum of one thousand, seven hundred and fifty-five dollars and that the defendants were nonresidents of the state, and that they fraudulently contracted the debt or incurred the obligation for which the suit has been or is about to be instituted. Writ of attachment was issued, and the sheriff returned that he had levied the writ by taking into possession forty thousand oak staves on the right of way of the Frisco Railroad valued at twenty-five dollars per thousand. Defendants filed a replevin bond. Thereupon appellants filed their declaration, alleging that on or before the 1st day of August, 1916, and during the summer of said year, the appellees did willfully cut down and carry away one hundred and seventy-four white oak trees on the land of the plaintiffs described as the southeast quarter of section 31, township 14, range 16 east, without the consent of the plaintiffs, and that said trees were cut within

twelve months before the beginning of the suit; where
fore they demanded two thousand, six hundred and
ten dollars.

The defendants filed a motion to transfer the cause
to the court of equity, alleging that their defense to the
suit is purely an equitable defense; that on the 8th
day of November, 1913, plaintiff W. F. Blair was then
the owner of the southwest quarter and the north half
of the southwest quarter of section 31, township 14,
range 16 east, all in Monroe county, Miss.; that on the
8th day of November, 1913, said W. F. Blair bar-
gained, sold, transferred, and conveyed to the defend-
ants in consideration of one hundred dollars all the
white oak timber suitable for staves now standing on
the following described land, to wit: Containing two
hundred and forty acres in Monroe county, Miss., with
all necessary rights of way for cutting down and work-
ing up and removing the timber; that said contract
was    duly    acknowledged    by    the    plaintiff    and
filed    for    record    and    recorded    in    the deed record
of the county, a copy of which is made Exhibit A
to the petition; that at the time the plaintiff executed
said deed he did not own the two hundred and forty
acres described in the deed, but did own two hundred
and forty acres described in the declaration, and that
it was the purpose of the plaintiff and parties to said
contract to insert in said deed said land described in
said declaration, being in section 31, township 14, range
16 east, but that through mistake and inadvertence said.
deed improperly described said lands.    The contract
made exhibit to this motion for transfer recited:

"That for and in consideration of the sum of one
hundred dollars in hand paid by the parties of the
second part, the receipt of which is hereby acknowl-
edged, the parties of the first part doth grant, sell, war-
rant, and convey to the said Frank B. Russell & Co.,
or assigns, all the white oak timber suitable for staves
now standing on the following described land, to wit,

containing two hundred and forty acres in Monroe county, Miss., in section 14, township 12, range 16, with all necessary rights of way," etc.

The record shows no action by the court upon this motion.

The defendants pleaded the general issue, and gave notice under the general issue that defendants would prove that on the 8th day of November, 1913, plaintiff W. F. Blair executed and delivered to Frank B. Russell & Co. a deed to all the white oak timber suitable for staves now standing on the following described land, to wit: Containing two hundred and forty acres in Monroe county, Miss., in section 14, township 12, range 16, with suitable rights of way to remove said timber and four years within which to do so; that the land intended to be described in said deed is the land set out in the declaration as belonging to plaintiff W. F. Blair; that in truth and in fact W. F. Blair was the owner of said two hundred and forty acres of land and the timber thereon, and had the right to sell the timber to Frank B. Russell & Co., and that they got a good title to the same; that they paid W. F. Blair the consideration of one hundred dollars, and at the time of the execution of the said deed and the cutting and removal of said timber W. F. Blair was in possession of said land, claiming title thereto as against the world; that Frank B. Russell & Co. bought the timber in good faith; and that he was in truth and in fact the owner of said land.

Plaintiff W. F. Blair was introduced in the attachment issue and testified that he sold the defendants 100 white oak trees for one dollar per tree, or for one hundred dollars; that they went to Mrs. Hannah Blair, wife of W. F. Blair, who refused to sign the conveyance, and that the defendants agreed to take the risk, and that the agent of the defendant wrote out a contract and read it to witness W. F. Blair, showing

the sale of one hundred trees for one hundred dollars; that he did not have his glasses, and it was getting late, and he signed it, and later that the agent, with one Mr. Dowdle, a justice of the peace in the state of Alabama, came to his place and told him he wanted to make a change in the contract so that the one hundred trees would be from sixteen inches and up, and he told him, "No; let it stand as it was;" that afterwards when they began to cut the timber the hands claimed they had a deed to all of it; that he objected to their cutting the timber, and his wife objected, and told them not to cut any more timber; that the timber was on the homestead; that there was a long time between the time the contract was signed and the beginning of the cutting; that the contract signed was not signed by his wife, Mrs. Blair; and that the defendants cut one hundred and seventy-four white oak trees on the homestead without their consent and against their will.

The circuit judge gave a peremptory instruction to find for the defendant on the attachment issue and peremptorily instructed the jury to assess his damages at eighty-five dollars, attorney's fee, for the wrongful suing out of the attachment, and submitted other items of damage, and there was a judgment on the attachment issued for the defendant with damages amounting to one hundred and ten dollars. Thereupon the case came on for trial on the debt issue, and plaintiff testified on this issue substantially as above set out, and there was other testimony both for the plaintiff and defendant on both the attachment issue and the debt issue, and at the conclusion of the testimony the court directed a verdict for the defendant on the debt issue also, from which judgments this appeal is prosecuted.

This court has heretofore decided that in attachments against a partnership, if one or more of the partners

are residents of the state, the attachment cannot be maintained on the ground of nonresidence. The proof and record show that one of the partners, resided at Tupelo, Miss., and therefore the attachment could not be sustained upon the issue of nonresidence. *Barney* v. *Moore Lumber Co.,* 95 Miss. 118, 48 So. 232. We think, however, that if the plaintiff's evidence be taken as true, as it must be for the purposes of this appeal, the other ground of attachment was made out. The plaintiff. testified that he sold one hundred trees for one hundred dollars, and that the deed was read to him, in accordance with this contract by the agent of the defendant, and that he signed the deed, not having his glasses so that he could read it, on· the belief that the deed was made in accordance with the agreement.

This is not a case of varying a deed by parol evidence. . The contract as actually drawn was void for uncertainty of description; but nevertheless, if the plaintiff's evidence be true, it was drawn fraudulently for the purpose of obtaining more than one hundred trees, and the cutting of the timber was done under claim of right under this deed so fraudulently drawn according to the plaintiff's evidence. The deed was used in the trial of this issue, not as a valid legal instrument, but as evidence of good faith, and it was evidently upon the theory of good faith that the court gave the peremptory instruction on the attachment issue, and but for the issue of good·faith there could be no question of the right of the plaintiff to recover for the trees so cut. ·On the debt issue it clearly appeared that a large number of trees cut were situated upon the homestead, and as the wife admittedly had not signed· the deed, it was void .as to the homestead for

the additional reason that is was not signed by the wife. This deed would, at most, only constitute the defendants licenses, which license would be terminated when the plaintiffs gave notice not to further cut the timber. *Walton* v. *Lowrey*, 74 Miss. 484, 21 So. 243; *Railroad* v. *Singleterry*, 78 Miss. 772, 29 So. 754; *Hubbard* v. *Sage Land & Improvement Co.*, 81 Miss. 616, 33 So. 413; *McKenzie* v. *Shows*, 70 Miss. 388, 12 So. 336, 35 Am. St. Rep. 654; *Zukoski* v. *McIntyre*, 93 Miss. 806, 47 So. 435.

It follows from what we have said that the cause must be reversed as to both the attachment issue and the debt issue.

If any of the trees sued for were at the time of the cutting on the land not constituting the homestead, and the defendants desire to have the contract reformed to describe the land in accordance with the real contract, the motion to transfer should be sustained on the remand of the cause.

*Reversed and remanded.*