## Towles *v.* Hodges

No. 41035          February 16, 1959          108 So. 2d 884

*Breland & Whitten,* Sumner, for appellant.

*J. H. Caldwell,* Charleston, for appellee.

Etheridge, J.

This case involves an oral license to enter upon land and to cut and remove timber; and a subsequent approval or ratification of an assignment of the license.

In 1956 appellant Towles owned 120 acres of low, cut-over land, on which was situated some small cypress and Tupelo gum timber. Towles desired to get the land cleared, so that he could put a fence around it, drain and

cultivate it.  He orally authorized Dahl to enter, cut the timber, and take it; Dahl was to clear the land.  In this way Towles would get the land cleared free of charge.  With Towles' knowledge, Dahl in June 1956 hired Tillotson to clear part of the land for cultivation.  Dahl, claiming to be the owner, sold the timber he had cut to Hodges, defendant-appellee, and used at least part of the money received from the sale to pay Tillotson for his work in clearing the land.

In August 1956, Towles learned that Hodges had bought the severed timber from Dahl.  After discussing the matter with Hodges, he advised Hodges that it would be all right for him to go ahead and finish cutting the timber.  At Towles' suggestion, he dictated to Hodges' daughter a written statement, for Hodges' protection:

"8/13/56

"Mr. J. A. Towles has given Lake Hodges permission to trespass on his land, Section 32, in Tallahatchie County, for 12 months and is to finish cutting the timber he is now cutton (sic) on.

"(Signed)   J. A. Towles"

In September Towles insisted that Hodges either give him or pay him for some of the cypress cut from the land, and defendant refused.  The cypress logs were on defendant's mill site.  Apparently the land contained more cypress than Towles anticipated.  He filed this suit in the Chancery Court of Tallahatchie County, seeking to reform the above instrument of August 13, 1956, so that it would provide he would receive the cypress, and then to cancel the instrument on the ground it was unenforceable under the statute of frauds.  The chancellor appointed a master, who heard the testimony, and rendered a decision for defendant Hodges, on the grounds that Dahl and Hodges had revocable oral licenses to enter the land and cut the timber, and complainant had ratified them, both by his oral statements to the two licensees, and by

the above-quoted written statement. The final decree approved the master's report, dismissed the bill with prejudice, and directed complainant to restore to defendant the cypress logs which had been seized under a writ of sequestration.

██ As distinguished from a sale of growing timber, which is an interest in realty, the courts give effect to a parol grant of the right of entry. They consider it a mere license, which confers only a revocable privilege and does not pass an estate in realty. ██ This right of entry is merely a right to enter and remove the timber. Under such a license, the title to the timber does not pass to or vest in the licensee until it has been severed from the land. 34 Am. Jur., Logs and Timber, Sec. 42; 33 Am. Jur., Licenses, Secs. 91-98. Hence there is no question, in view of the nature of the right conferred, that a valid license to enter upon land and to cut and remove timber may be given by parol. Ibid., Sec. 44; 53 C. J. S., Licenses, Sec. 80; 54 C. J. S., Logs and Logging, Sec. 29.

██ Such a license may be given in writing, as well as by parol, and may arise from a so-called contract which is void or unenforceable under the statute of frauds, or from an instrument which for any reason is inoperative to convey or pass title. Ibid. Sec. 29. Singletary v. Ginn, 153 Miss. 700, 121 So. 820 (1929); Blair v. Russell, 120 Miss. 108, 81 So. 785 (1919). ██ A license to enter on land and cut timber is revocable at any time. But the timber severed from the soil during the life of the license becomes the personal property of the licensee. 54 C. J. S., Logs and Logging, Sec. 29 (d).

The Mississippi cases have consistently recognized these principles. Dixie Pine Products v. Breland, 205 Miss. 610, 39 So. 2d 265 (1949), held that a written contract which did not describe the land was unenforceable under the statute of frauds as to standing timber, but, until revoked, it was valid as a license to the logger for the cutting and removal of timber. To the same effect

are numerous cases, including Sansing v. Thomas, 205 Miss. 618, 38 So. 2d 706 (1949); Rowan v. Rosenblatt, 206 Miss. 259, 39 So. 2d 873 (1949); Walton v. Lowrey, 74 Miss. 484, 21 So. 243 (1897); Blair v. Russell, supra; Singletary v. Ginn, supra; Hudson v. Landers, 215 Miss. 447, 61 So. 2d 312 (1952); Bassett v. Stringer, 216 Miss. 766, 63 So. 2d 234 (1953).

██ Applying these principles to the present facts, Towles gave to Dahl an oral license to enter upon his lands and cut and remove the timber. In return, although a consideration is not necessary for such an oral permit, Towles was to receive the benefit of getting his land cleared for cultivation without any cost to himself. Dahl proceeded to hire Tillotson to do some of the clearing for him, and sold to Hodges some of the timber which Towles authorized him to take. Dahl then attempted to orally assign to Hodges the license from Towles. ██ Such a license is revocable by the licensor at will, and is not assignable without the consent, express or implied, of the licensor. 54 C. J. S., Logs and Logging, Sec. 29 (e); 34 Am. Jur., Logs and Timber, Sec. 49. However, Towles consented to the assignment of the license to Hodges. He did this orally by so advising Dahl and Hodges, and also in writing, by the instrument of August 13, 1956.

██ Appellant not only expressly consented to Dahl assigning the license to Hodges, but his oral statements and the instrument he signed constituted a subsequent approval or ratification of the license as to acts which had previously been done by Hodges as licensee. This was equivalent to precedent authority. 53 C. J. S., Licenses, Sec. 80, p. 808. In Young v. Adams, 122 Miss. 1, 13, 84 So. 1 (1920), it was held that the owner who acquiesced in assignment of the rights and agreed to the assignment was estopped to assert its non-assignability.

██ Appellant argues that the written instrument of August 13 is invalid and unenforceable because it is within the statute of frauds, and has an inadequate de-

scription of the lands affected. However, the court's decree for appellee does not undertake to enforce this instrument as a conveyance of standing timber. That writing simply represents a valid creation of a revocable license to Hodges to enter the land and to cut and remove the timber. ■■ It is also sufficient to support a ratification or estoppel of appellant as to assignment of the license by Dahl to Hodges. ■ ■ A license in real property is simply permission to enter the land and do certain acts. It gives no interest in land, and therefore a contract for a license is not within the provision of the statute of frauds relating to contracts for the sale of an interest in land. 49 Am. Jur., Statute of Frauds, Secs. 187, 188; New Orleans J & G N Railroad Company v. Moye, 39 Miss. 374, 386 (1860); Hotel Markham v. Patterson, 202 Miss. 451, 458, 32 So. 2d 255 (1947).

Affirmed.

*Roberds, P. J.,* and *Tall, Lee* and *Holmes, JJ.,* concur.