Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendant in error brought an action of covenant on a covenant, contained in a lease, in these words: “And the said lessors warrant and agree to, and with, the said lessees, that they, paying the said rent above hereby reserved, and performing all the covenants and conditions herein contained on their part to be observed, shall and may lawfully, quietly, and peaceably hold, occupy, and enjoy the hereby demised premises, and every part thereof, for and during the whole time for which the same are demised, free from all eviction, interruption, and molestation to him, the said Dominico Arighi, from or by any person.” It seems from the pleadings that the injury complained of, resulted from a mob.
A general covenant of warranty is not broken by a forcible eviction ; it must be a lawful eviction. This rule is sometimes said to apply also in covenants for quiet enjoyment. It certainly does apply in all cases of eviction or disturbance by a stranger. In some cases, however, it is said, a covenant for quiet enjoyment is broken by the forcible entry or disturbance of the grantor or lessor,'and this was probably the view taken of this case, when, on a former occasion, the declaration was held to be sufficient. But a forcible and unlawful eviction by strangers, is not a ground for an action on a covenant for quiet enjoyment. If the lessor is to be made liable, the eviction must be by his act. Dudley v. Folliott, 3 Term R. 583; Greenby v. Wilcocks, *97 2 Johns. 1; 2 Saund. 181, (note 10); Duvall v. Craig, 2 Wheat. 45, (note e.) It will not do that strangers were induced to do the act by feelings of animosity or revenge against the lessor. The lessor must do the act, or excite others to it, not indirectly, but directly. He must be the agent, who acts with a view to that particular result. This is the necessary consequence of the principles stated in the authorities in regard to covenants for quiet enjoyment, and the covenant in this case is nothing more. The language employed in the covenant in Dudley v. Folliott, was even broader than it is in this case, and yet it was held only to be a covenant for quiet enjoyment.
Let us then make an application of these principles to the pleadings in this case. The declaration requires no special comment, as it has been sustained. It is, however, necessary to notice it so far as to draw the distinction between the good and the bad allegations. It alleges the injuries to have been done by an assemblage of men, “ moved by exasperation and excitement by them entertained towards the defendants.” In this respect it is insufficient, as an injury resulting from such a motive entertained by a mob, is not a breach of the covenant. But the allegation, that the mob was moved to do the act by the defendants, maybe sufficient.
The plea avers, that the assemblage was composed of persons unknown to defendants, and without their consent, knowledge, or privity, and against their will, did the act. This was a full denial of the agency of the defendants. The important inquiry was, did the defendants do the act, either directly or by procurement. It is not sufficient that the mob was actuated by feelings of malice or revenge against the defendants. The only sufficient allegation presented in the declaration was, that the act was moved by the defendants, and therefore their - act, and this plea answers it. On this view of the pleadings, the plea should have concluded to the country, because it was a denial of the important matter alleged in the declaration, to wit, the agency of the defendants in the riot, and presented the negative of the only question to be tried.
The replication, so far as it re-asserts that the trespass and *98 eviction was the act of the defendants, might have been well enough as an answer to the plea. But it does more; it alleges that the assemblage of persons were moved to the commission of the act “by exasperation and excitement by them then entertained towards the said defendants, for and on account of the acts and conduct of the said defendants, before that time, to wit, on the 26th of July, A. D. 1839, at the city of Natchez and county aforesaid, in dispossessing of divers persons, to wit, John Brus, Francis Randolph, and others, of certain lots, houses, and tenements, by them occupied and possessed, under persons holding under said defendants,” &c. We have already said the defendants were not liable for the acts of strangers resulting from such causes, and of course they could not take issue on this replication. The demurrer to it was therefore improperly overruled. This view of the case renders it unnecessary that we should notice the subsequent pleadings.
Judgment reversed and cause remanded.