ISAAC H. STAUFFER ET AL. *v.* R. W. GARRISON.

1. SEQUESTRATION BOND. *Action. Parties.*
In suing on a sequestration bond, all the obligees should be joined, or their non-joinder legally accounted for, but a failure in this respect is not available to the defendant at the trial unless he files a written notice with his plea. Code 1880, § 1511.

2. SAME. *Variance. Amendment.*
Neglect to join all the obligees results in no variance if the bond offered in evidence is properly described in the declaration, and if this objection is entertained by the court, it does right in allowing the omitted parties to be made plaintiffs.

3. SAME. *Pendency of another suit.*
A plea that another action for the same cause is pending, in the name of one of the obligees made a party by the amendment, is fatally defective unless it alleges that the other is a prior action.

4. SAME. *Liability of sureties. Damages.*
Sequestration bonds secure damages resulting from the wrongful seizure of the property, but not attorney's fees and other expenses incident to the chancery case in which the writ is obtained.

APPEAL from the Circuit Court of Madison County.
HON. T. J. WHARTON, Judge.
This suit was on a sequestration bond, which was fully described

with its obligees in the declaration. The bond was conditioned for the payment of all damages which might accrue from the wrongful seizure of the property to be taken under the process. The declaration averred that a case was once pending in the chancery court against all the obligees to vacate an assignment made by the plaintiffs' debtor for their benefit first, and then for the benefit of the other obligees; that the bond was taken and the goods assigned were seized in this chancery case, and by virtue of the writ of sequestration; that the bill in chancery was dismissed at the final hearing, and on appeal to the supreme court this decree was affirmed; that the plaintiffs, Isaac H. Stauffer and others, the first preferred creditors in the assignment, were entitled to recover on the bond, fees paid lawyers in the chancery court and the supreme court, expenses incurred in taking depositions and attending the courts, interest on their money during the time the goods were held under the writ, and damage to their business resulting from the charge of fraud in the bill.

The defendant, R. W. Garrison, surety on the sequestration bond, pleaded that the debt secured by the trust deed was fully paid with interest before this suit, and on this and other pleas the case went to trial. But when the plaintiffs offered the bond in evidence it was excluded for variance by the court on the defendant's motion, because it was payable to the two deferred creditors in the assignment and the grantor, as well as to Isaac H. Stauffer and others, who were the preferred creditors and the only plaintiffs in this suit. Whereupon the plaintiffs, by leave of court under the defendant's objection, amended the declaration by adding the names of the grantor and deferred creditors as nominal plaintiffs for the use of Isaac H. Stauffer and others, the original plaintiffs. The defendant then pleaded that a suit by one of the deferred creditors, so added as a plaintiff, was pending undisposed of in the same court against the defendant, upon this bond, for damages occasioned by the same writ and levy which was involved in the present case. A general demurrer was filed, which the court overruled, and the plaintiffs declining to plead over, the suit was dismissed, and they appealed.

*John Handy,* for the appellants, argued orally and filed a brief.

1. It was error to exclude the bond from the jury for variance, because the co-obligees are only omitted as plaintiffs, but the contents of the bond are fully stated in the declaration, the names of all the obligees therein being set forth. There was therefore no variance between the bond sued on and the bond set forth in the declaration. As this is the case, the defendant should have raised the point that all the obligees were not made plaintiffs, by demurrer. There certainly was no variance between the bond described in the declaration and the one offered in evidence.

2. There was error in overruling the plaintiffs' demurrer to the plea of the defendant to the plaintiffs' amended declaration. The amendment consisted in making all the obligees in the bond plaintiffs in the suit for the use of the original plaintiffs. The plea to this amended declaration is to the effect that there is pending in the same court another suit brought by one of the obligees in the bond, against the defendant, on the same cause of action. The fault of this plea is apparent; it fails to state that the other is a prior suit.

*Calhoon & Green,* for the appellee.

1. The suit was improperly brought in the name of a part of the obligees. All should have been joined. *McMahon* v. *Webb,* 52 Miss. 424. This rule could not be escaped by setting forth that the deferred creditors only were omitted. Should they sue also the surety might be compelled to pay the penalty several times. Amending the suit by incorporating new plaintiffs was improper. This exceeded the power of the court. If the parties can be changed the subject-matter can be amended, and if both be done, the suit has lost its original nature.

2. Damages, like those claimed, cannot be said to flow from the levy of a sequestration writ, which is ancillary in its nature. Attorney's fees for services in the main proceeding are not recoverable in this suit. *White* v. *Wyley,* 17 Ala. 167 ; Sedgwick on the Measure of Damages 458, 548, notes. Interest was covered by the assignment, and there is no averment that it was not paid. Costs

and expenses about the main proceeding are not secured by this bond. *Johnson* v. *Farmers' Bank of Kentucky*, 4 Bush 283; *Alexander* v. *Jacoby*, 23 Ohio St. 358; Drake on Attachment, § 176. Damages for a wrongful seizure only can be the basis of a suit on a sequestration bond.

*S. S. Calhoon*, on the same side, made an oral argument, and filed an additional brief, contending that the point made by the opposing counsel, that the plea of pendency of another action failed to aver that it was begun before the declaration was amended, had not been made in the court below, or the attention of court or adverse counsel called to it, then, when it could have been avoided. There was only a general demurrer to the plea. This precludes consideration of the point. Code 1880, § 1560. In any event, the court below was right, as the demurrer extended back to the declaration, was properly sustained for the reasons set forth in the former brief.

CAMPBELL, C. J., delivered the opinion of the court.

The circuit court did wrong to sustain the objection made on the trial to the introduction of the bond sued on because of the non-joinder of some of the obligees as plaintiffs. There was no variance between the instrument sued on and that offered in evidence. It was correctly described in the declaration, but the suit was not rightly brought in the name of part of the obligees. It should have been in the name of all or their non-joinder accounted for on legal grounds. But as the defendant had not given written notice thereof with his plea, as required by § 1511 of the Code of 1880, the non-joinder of plaintiffs was not available to him. The court did right to permit an amendment by joining the parties omitted.

The plea of the pendency of another action was fatally defective in not averring that it was a *prior* action and the demurrer to it should have been sustained, but it is clear that the declaration does not contain a cause of action entitling the plaintiffs to a recovery, for all the damages alleged to have been suffered are such as resulted from the institution of the suit and its prosecution and

defense, and none is shown to have been sustained by the seizure of the goods by virtue of the writ of sequestration. The bond is a security only for "all damages which may accrue from the wrongful seizure of the property to be seized by virtue of such process," and not for counsel fees or other expenses incident to the defense of the suit, not being the legal and proximate result of the seizure of property by virtue of the writ. The suit is one thing, and the seizure of property under process in it is another, and the bond of the complainant is a security only for the wrongful seizure of property. The demurrer should have been extended to the declaration, and sustained, and the action dismissed, and as the result attained below is the same which this course would have produced the judgment is

*Affirmed.*