## A. G. TEBO ET AL. *v.* F. BETANCOURT.

ATTACHMENTS. *Damages. Defendant's property not attached. Attachment bond.*

    A defendant who owned none of the property attached as his, cannot, after defeating a recovery on the indebtedness issue, maintain an action on the attachment bond for the expenses incurred in defending the suit on the attachment issue. *Buckly* v. *VanDiver,* 70 Miss., 622, distinguished.

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

The facts are sufficiently stated in the opinion.

*Ford & Ford,* for appellants.

The question presented is whether a defendant in an attachment suit can recover damages on the attachment bond when there has been none of his property levied on. This case is different from the case of *Buckly* v. *VanDiver,* 70 Miss., 622. In that case, while no plea in abatement was filed and the plaintiff's suit was defeated on the merits, Mrs. VanDiver's property had been seized under the writ, and she was allowed damages. In the case at bar not a single dollar's worth of property belonging to Betancourt was seized, and the attachment, as to him, was merely *brutum fulmen,* and, in effect, served the purpose only of the ordinary summons. He came into court, not to rescue his own property, but merely to litigate the question whether he was indebted to Manuel or not. There was no evidence or pretense on the trial that the suit was malicious. Under these circumstances Betancourt stood just as any other citizen who is sued in ordinary common law actions, and is not entitled to recover damages. We have examined carefully the reports of this state to find a case where

damages have been allowed the defendant in an attachment suit where there was no actual levy, and have been unable to find one. The text-books and digests at our command furnish no instance that we can find. The rule for the recovery of damages on attachment bonds, as laid down by the different authors, is as follows: The damages must be the natural proximate legal result or consequence of the wrongful act. Actual damage may be properly comprehended under two heads: (1) Expense and losses incurred by the party in making his defense to the attachment proceeding; (2) the loss occasioned by his being deprived of the use of his property during the pendency of the attachment, or by illegal sale of it, or by injury thereto or loss or destruction thereof. Sutherland on Damages, vol. 2, p. 59; Drake on Attachment, § 175; *Marqueze* v. *Sontheimer,* 59 Miss., 430; *Johnson* v. *Bank,* 4 Bush, 283; Waite's Actions and Defenses, 427.

In actions on an attachment bond, attorneys' fees in defending the principal action are not recoverable, nor are the cost and expenses of defending it recoverable. Waples on Att., p. 448; *Bank et al.* v. *Wylie,* 4 N. Y. St., 907; 52 Hun, 146; *Frost* v. *Jordan,* 36 N. W. (Minn.), 713; *State* v. *Laribe,* 25 Mo. App., 208; *Adams* v. *Gomila,* 37 La. Ann., 479. In a suit for wrongfully suing out an attachment, plaintiff cannot recover for the voluntary appearance and defense, there being no levy. 70 Ala., 308; 17 Ala., 167.

*E. J. Bowers,* for appellee.

All the authorities cited in appellant's brief are overruled by *Buckly* v. *VanDiver,* 70 Miss., 622, so far as the jurisprudence of this state is concerned. · (Counsel here reviewed the authorities cited by appellant's counsel, and contended that the rule sustained by them was contrary to *Buckly* v. *VanDiver, supra.*) That the debt must exist is none the less a prerequisite to the proper use of the writ, and when the plaintiff fails on the debt, he is in no better attitude than if he fails on the other ground

of attachment. *Dean* v. *Stephenson*, 61 Miss., 175. As was held in the Alabama case cited by appellant (*Flournoy* v. *Lyon*, 70 Ala., 308), and also in *Drummond* v. *Stewart*, 8 Iowa, 341, the appellant cannot proclaim that his writ was ineffectual. An actual levy was made. Property was seized which the appellant asserted at the time belonged to appellee; true, it was claimed by a third person, but appellant took issue on that claim, and cannot now escape damages by saying that his wrongful act was mere *brutum fulmen.*

WHITFIELD, J., delivered the opinion of the court.

Manuel sued out an attachment against F. Betancourt, on the ground of nonresidence alone. The only property seized under the attachment was the schooner, Tres Hermonos, which was the property not of Betancourt, but of Rosa Betancourt, his wife. The sheriff gave Rosa Betancourt an indemnifying bond. No property at all of F. Betancourt was attached. Rosa Betancourt filed her claimant's affidavit at the return term. F. Betancourt, who was a nonresident, but none of whose property had been in any way attached, appeared, and pleaded to the main suit on the merits, the general issue and other pleas in bar. Judgment *nil dicit* was rendered in favor of Manuel on the attachment issue, but, on the trial on the merits, Betancourt won. Mrs. Rosa Betancourt then brought suit on the indemnifying bond for damages sustained by her by reason of the levy on her schooner, and recovered twenty-two hundred dollars, which sum has been paid. F. Betancourt then brought this suit on the attachment bond, for attorney's fees and expenses incurred in the defense of the action of *assumpsit* against him by Manuel. In the trial of this suit, the defendants asked the court to instruct the jury that, "in this case, because no property of the plaintiff was levied upon under the attachment writ, the plaintiff is not entitled to recover any damages in this case," which was refused, and the refusal of this instruction is the controlling assignment of error.

This case is clearly distinguishable from the case of *Buckly* v. *VanDiver*, 70 Miss., 622, by the material fact that, in that case, Mrs. VanDiver's property was seized under the writ of attachment, she being the defendant in the attachment. The attachment in this case was, as to F. Betancourt, mere *brutum fulmen*. He did not appear, as did Mrs. VanDiver, to secure the release of his property from the attachment writ. There was nothing to show that the attachment was maliciously sued out. F. Betancourt appeared merely to contest the issue of indebtedness with Manuel, and, under the circumstances of this case, he occupies just the position and has just the rights of a defendant sued in any ordinary action.

We are clear, under the facts of this case, that he was not entitled to any damages. Waples thus lays down the rule. "The obligation to pay damages, assumed in the attachment bond, in case of the wrongful causing of the writ to be issued, or the wrongful procedure under the writ, has no reference to the personal action against the debtor, considered apart from the proceeding against his property. The institution of an ordinary action against the debtor is the creditor's right, without affidavit and without bond. The institution of the extra-ordinary action is not his right, unless he bring himself within the statute and take the required obligation; but if the defendant should suffer no wrong but what would have ensued from an ordinary suit legally brought but not sustained by evidence, would the plaintiff be liable upon the bond? Take this case: Affidavit and bond being executed and attachment issued, no property is seized and taken from the defendant; the attachment is in the hands of a third person by garnishment, according to the sheriff's return, but the garnishee denies that he is a debtor of the defendant or the holder of any property of his, and is discharged; the personal action goes on, and results in a judgment for the defendant. Whether the defendant can recover or not depends upon the injury he may have sustained by the charges. He may have been seriously slandered by a

charge of absconding, for instance. If only alleged to be a nonresident, or if it be conceded that he was no more damaged by reason of the attachment than he would have been had an ordinary suit been unsuccessfully brought against him, it would seem that the conditional obligation of the bond would not have been incurred. Take the case of land attached when the owner is not dispossessed; of personal property only nominally attached, as is sometimes improperly done; of property attached which proves not to be that of the defendant—it seems clear, in such cases, that no obligation is incurred to the defendant for injury done to property.'' We approve this as the correct rule.

Mr. Waples (Waples on Att. & Gar., pp. 447, 448) cites many authorities, to two of which we specially refer—*Heath* v. *Lent*, 1 Cal., p. 410, and *Pinson* v. *Kirsh*, 46 Texas, p. 29. In the former there were two defendants, and the property of one only was seized. On this point the court say, page 412: ''If it appear in evidence that the property of but one of the plaintiffs was attached, then it would seem that he alone should be plaintiff. The direct injury, if any, was suffered by him, and he alone is entitled to the damages, if any should be recovered. If the co-plaintiff, whose property was not attached, has suffered in his good name and reputation by reason of the wrongful suing out, that is a consequence not of the seizure of his co-plaintiff's property, but of the facts stated in the affidavit for the writ, which, if true, or the affiant had good reason to believe to be true, will fully justify the issuing of the writ, and if the contrary, then the party will have a remedy, not upon the bond, but in the criminal code, or by his private action for the tort.'' Without reference to the last proposition announced by the court as to suing in tort, and not upon the bond, for the character of damages indicated, it is a direct adjudication of the precise question here presented, as is also the case of *Pinson* v. *Kirsh*, *supra*. To the same effect is Drake on Att., § 175, the author saying: ''But, if the property attached was not the defendant's, he can recover no damages,''

and so, in effect, are Wade on Att., vol. 1, § 301; Shinn on Att. & Gar., §§ 369, 190; and so is *Stauffer* v. *Garrison*, 61 Miss., 67.  The instruction should have been given.

*Reversed and remanded.*