COLLINS v. WHEELESS.

(Division B. Oct. 22, 1934. Suggestion of Error Overruled Dec. 3, 1934.)

[157 So. 82. No. 31377.]

**W. H. Cox**, of Jackson, for appellant.

**W. E. Morse,** of Jackson, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee rented from appellant a store building, including showcase, cash stand, and some other such equipment belonging to the store building and suitable to the operation of a grocery business. Appellee sublet the entire of the leased property to a corporation which thereupon engaged in business therein and therewith. Some time later, appellant sued out an attachment against appellee for rent not due but to become due; and, in obedience to the command of the writ "to distrain the goods and chattels of the tenant," the officer took charge of the store building and the equipment mentioned and locked up the building with its contents. About midday on the next day, appellant released the attachment and it is not now controverted that the attachment was wrongfully sued out.

The entire of the leased premises and equipment had been sublet to the subtenant corporation, as already mentioned, and all the goods levied on belonged to the corporation. Nothing belonging, at the time, to appellee was levied upon. Nevertheless, appellee, jointly with the corporation, thereafter filed his declaration for damages for the wrongful suing out of the attachment. Later the corporation moved that the declaration be dismissed so far as it was concerned as a party thereto, which motion was sustained and the case proceeded with appellee as the sole claimant of damages. The jury returned a verdict for the appellee for one hundred twenty-five dollars attorney's fees, judgment was entered ac-

cordingly, and the case has been appealed, presenting the sole question whether attorney's fees were properly recoverable by appellee.

We think the case is ruled by Tebo v. Betancourt, 73 Miss. 868, 19 So. 833, 55 Am. St. Rep. 573, which held that a defendant in attachment, who owned none of the property levied upon under the attachment, cannot maintain a demand for damages on account of the wrongful suing out or levying of the attachment. So in this case, as already stated, none of the property levied on belonged to appellee; he owned none of the goods, and all the present leasehold interest in the leased property belong to the subtenant corporation, and when the subtenant corporation dismissed itself as to any claim for damages, the entire of any maintainable claim went out with it.

Appellee insists, however, that he had such an obligation in respect to, or interest in, the lease as to enable him to maintain his demand for the damages aforesaid. There was no injury to the freehold; the only injury done in respect to the leased premises was an interference with its possession. There is no implied warranty by the landlord of peaceable possession against unlawful seizures, or levies or trespasses, unless the landlord is a participant therein (Surget v. Arighi, 11 Smedes & M. 87, 49 Am. Dec. 46), and there is no intimation in this record that appellee had given his subtenant any express warranty or obligatory assurance against such wrongs on the part of others. So far as concerns the possession and use of leased premises, the lease operates as a demise or conveyance of the property for a specified period of time (Rich v. Swalm, 161 Miss. 505, 516, 137 So. 325), and no right of possession or use remains in the lessor unless expressly reserved, and no such appears in this case. The rule of law, therefore, logically follows and is well established that the landlord cannot maintain an action for

an injury to the possession, as distinguished from the freehold, the right to sue being in the tenant. 35 C. J., p. 1212.

Reversed and judgment here for appellant.