NEELY v. MARTIN.

(Division A. Jan. 25, 1943.)

[11 So. (2d) 435. No. 35234.]

J. J. Breland and R. L. Cannon, both of Sumner, and
S. C. Mims, of Grenada, for appellant and cross-appellee.

**Stone & Stone,** of Coffeeville, for appellee and cross-appellant.

**Smith, C. J.**, delivered the opinion of the court.

In January, 1941, the appellant commenced an action in the circuit court of the Second Judicial District of Tallahatchie County against the appellee for the recovery of the value of trees cut and removed from her land in Grenada County, and for the statutory penalty therefor. The venue of this action under Section 495, Code of 1930, is in Grenada County. The appellee objected to the trial of the action in Tallahatchie County and on March 6, 1941, the circuit court thereof entered an order on its minutes transferring the case to the circuit court of Grenada County. The clerk of the Tallahatchie County court delivered the record in the case to the clerk of the circuit court of Grenada County pursuant to Section 501, Code of 1930, and received a receipt from him therefor on the 4th day of May, 1941. This record was not marked filed by the Grenada County clerk until July 13, 1942, at which time it was placed by him on the docket of the circuit court of that county. Thereafter the appellee, the defendant in the court below, filed a motion for the dismissal of the case on two grounds, first, delay in the filing and docketing of the case in the circuit court of Grenada County, and second, for the reason that "as shown by Exhibit 'A' to this motion, there is another suit pending in the Honorable Circuit Court at Sumner, Mississippi, Second District of Tallahatchie County, involving the value of this same property sued for in this suit and the damages for the same property, and that to allow this would be to allow the plaintiff to be running in the Honorable Courts of Tallahatchie and Grenada Counties two suits for the identical property, and which is not allowable in the courts of our country." This second ground of the motion was treated by counsel and the court as a plea in abatement to which a demurrer was interposed by the appellant, plaintiff in the court below.

From evidence taken on the motion to dismiss it appears that the reason why the Grenada County clerk did

not file and docket the case in the circuit court of that county until July, 1942, was that the appellant had not given security for costs and did not do so until just before the clerk filed and docketed the case. When the Grenada County clerk received the papers in the case it became his duty under Section 502, Code of 1930, to ''enter the cause on his docket as if it had been commenced in the court of which he is clerk.'' He was without the right to require security for cost before discharging this duty and the case was pending in his court from the time he received the papers therein. The appellant is not a non-resident and is not shown to have been insolvent, consequently Section 655, Code of 1930, may be left out of view. The only right the Grenada County clerk here had was to proceed under Section 656 of the Code for obtaining security for costs after suit commenced. The motion to dismiss was therefore properly overruled, the appellant not being chargeable with the delay in the docketing of the cause. Moreover, it does not appear that this delay resulted in any damage to the appellee.

The demurrer to the plea in abatement was overruled and the appellant declining to plead further the action was dismissed. It appears from the exhibit to the plea in abatement that the action alleged to be pending in Grenada County is one in replevin for the recovery of logs alleged to have been cut on the plaintiff's land by the defendant and was begun on September 1, 1941, while the present action, as hereinbefore stated was begun in January, 1941. This fact is fatal to the plea in abatement for the action which abates by reason of the pendency of another between the same parties is the second action, not the prior one. Stauffer v. Garrison, 61 Miss. 67. This being true it will not be necessary for us to decide whether the two actions are identical.

The demurrer to the plea in abatement should have been sustained.

Reversed and remanded.