BASSETT, et al. *v.* STRINGER.

Mar. 9, 1953

No. 38700 23 Adv. S. 1 63 So. 2d 234

*Russell & Little*, for appellants.

*R. S. Tullos* and *O. O. Weathersby*, for appellee.

ETHRIDGE, J.

This is a suit for the actual value of timber cut by appellants, C. F. Bassett and Graham Harris, upon the lands of appellee, Walter L. Stringer. A jury in the Circuit Court of Smith County returned a verdict for appellee in the amount of $750.00. Appellants complain of the judgment based upon that verdict, asserting that the suit was brought in the wrong county, that the verdict is against the great weight of the evidence and is based upon indefinite and speculative evidence as to the amount of timber cut, and asserting error in the giving and refusing of certain instructions.

Appellee Stringer owned 151.5 acres located in Sections 15 and 22 of Township 3 North, Range 9 East, Smith County. According to his evidence, which the jury apparently accepted, he made a contract with appellants, who owned a sawmill, to sell to them the timber on 50 acres of his land, 40 acres of which was named the "Swamp 40", and upon an additional 10-acre tract. The sale price was $13.00 a thousand feet stumpage for hardwood timber, and $20.00 a thousand for the pine. Appellee made this agreement with appellants on a Sunday morning in October 1950. He testified that several weeks before that he had gone over this 50 acres with appellant Harris and showed him the timber. Harris admitted that he had looked with appellee at some of appellee's timber, but denied that it was localized to the 50 acres.

Appellants claim that their agreement with appellee was to cut timber on all of his lands, 151.5 acres, and not only upon the 50 acres. F. F. Blackwell, who was in appellee's hospital room when appellants made the agreement with him, supported appellee's version of the contract. Appellants testified and denied that they had agreed to cut only from the limited area of 50 acres, and that they had paid appellee all that they owed him. Hence it was an issue of fact for the jury as to whether the agreement to sell the timber was limited to that on the stated 50 acres, and the jury found against appellants.

During November and December 1950 appellants employed Jim Sims and Calvin Norris to haul logs from appellee's lands. There is no substantial dispute that timber was cut from appellee's property other than the 50 acres. Appellants also cut from the 10-acre tract, but not from the "Swamp 40." Sims and Norris both testified that they were cutting the timber for appellants and that they hauled it to appellants' mill. Appellants admitted that they had received at the mill timber cut off of appellee's land, but contended that they had paid the appellee in full for that received. Appellee testified that he had been paid by appellants for most of the timber cut on the 10-acre tract and that he was not suing for any timber cut on the 50 acres, but only for that cut upon the balance of his land. Under this state of the record, the jury could properly find that the agreement was limited to the 50 acres, that appellants cut timber on the remainder of appellee's land, that they had paid him for most of the timber cut on the 10 acres, but that appellee had not been paid for timber cut on his other property.

As to the amount and value of the timber cut and sued for here, appellee had two timber estimators give their opinions as to the quantity of timber which had been cut by appellant. The jury had the right to accept with

modifications their estimates, and could consider the testimony concerning the value of the timber. Appellee asserted that value to be $2,252.63. The jury no doubt considered that appellee's estimates of the value and amount of the timber cut were too high. The verdict was for $750.00, and on this record we cannot say that it was manifestly wrong or against the great weight of the evidence.

Appellants also argue that the action was brought in the wrong county. The suit was brought where the land was located, in Smith County. The defendants lived in Jasper County. The action was for the actual value of the timber. Code of 1942, Section 1433, states that civil actions· in the circuit court shall be commenced in the county in which the defendants may be found, "except . . . actions for the actual value of trees cut which shall be brought in the county where the land or some part thereof, is situated . . ." Neely v. Martin, 193 Miss. 856, 11 So. 2d 435 (1942). Hence the proper venue existed.

Appellants also complain of the granting and refusing of certain instructions, but we find no error in these actions by the trial court. One who enters land under a parol agreement and license, and cuts and appropriates timber growing on it or adjacent lands of the licensor is liable for the actual value of the timber so cut and appropriated. Singletary v. Ginn, 153 Miss. 700, 121 So. 820, suggestion of error sustained, 121 So. 822 (1929).

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Lotterhos, JJ.,* concur.