ROY NOBLE LEE, Chief Justice,
for the Court:
John N. (Dutch) Meyn filed suit in the Chancery Court of Harrison County against the City of Gulfport charging that the city breached its lease agreement with Meyn when it failed to defend Meyn’s possession of the demised premises against the interference of the Harrison County Board of Supervisors. The lower court entered a decree in favor of the City of Gulf-port and against Meyn. He appeals from the judgment to this Court.
FACTS
Dutch Meyn, in the fall of 1986, sought to lease from the City of Gulfport certain property which is located south of the intersection of Courthouse Road and Highway 90. Meyn intended to erect on the leased property a directional sign to advertise the businesses located in the Courthouse Road area. The sign, when completed, would have been fifty-five feet tall and twenty-three to twenty-four feet wide. It was to contain twenty smaller signs, eighteen three-foot by ten-foot signs and 2 four-foot by ten-foot signs, which would be rented to interested businesses.
On September 25, 1986, Meyn made a formal offer to the City of Gulfport to lease the aforementioned property for the purpose of erecting the directional sign. On October 21, 1986, the city, upon receiving a recommendation to lease such property from the mayor, voted unanimously to lease the property to Meyn for the sum of one thousand two hundred dollars per an-num. On October 29, 1986, Meyn formed Metroplex Corporation to act as his agent to purchase the sign and to manage the leasing of spaces on such sign. He was president of Metroplex. On November 19, 1986, Metroplex contracted with Toby’s Neon and Plastic Sign, Inc. to erect the sign in question for the sum of forty-two thousand dollars. Only the sum of twenty one thousand dollars, to date, has been paid to Toby’s toward the purchase of the sign.
On November 18, 1986, the City of Gulf-port formally leased the property in question to Meyn. Between December 3, 1986 and January 2, 1987 Metroplex entered into nine written leases with merchants for advertising on the sign. Seven of the spaces on the sign were rented for one hundred and fifty dollars per month while two were rented for one hundred and twenty five dollars per month. Leasing efforts by Me-troplex were discontinued on January 3, 1987 due to delays in acquiring the materials necessary for the construction of the sign.
On or about February 9, 1987, construction began on the sign at Courthouse Road. On February 13,1987, the Harrison County Board of Supervisors issued a cease and desist order prohibiting the construction of the sign. Such order informed Meyn that a show cause hearing would be held on March 2, 1987. At the time that the construction of the sign was halted sixty two cubic yards of concrete and reinforcing steel had been placed into a hole that was thirty-feet long, eleven-feet wide and nine-feet deep, which was to serve as the foundation for the sign. Three twenty-four inch diameter pipes extended ten feet upward from the foundation onto which the sign would have been attached
At the March 2, 1987, show cause hearing, the City of Gulfport announced that it was of the opinion that the City of Gulfport had paramount jurisdiction to the leased area, not the Harrison County Board of Supervisors, and that the City could do as it pleased with said property. The City, however, did not contest the Board’s cease and desist order, it being of the opinion that to contest such an order would be too costly as to legal fees and other costs associated therewith. Meyn at the hearing also asserted that the city, not the county, had superior jurisdiction to the leased premises. Meyn, however, complied with the Board of Supervisors’ order and did not contest the county’s jurisdiction, he being of the opinion that it was the City of Gulfport’s duty to pursue litigation against the County to quiet the dispute over jurisdiction, since the City was the lessor.
*1200 Meyn filed the present action in the Harrison County Chancery Court alleging that the City of Gulfport breached an implied covenant of quiet enjoyment by failing to protect Meyn’s interest in the property against the Harrison Board of Supervisors cease and desist order. Toby’s Neon and Plastic Sign intervened in the action asserting a claim of twenty one thousand dollars, the amount still owing on the balance of the sign, against the City of Gulfport. The chancery court dismissed Toby’s action as being improperly brought, there being no privity of contract between Toby’s and the City of Gulfport.
At the trial on the merits in the Harrison County Chancery Court the parties disagreed extensively on the amount, if any, of damages. Meyn asserts that he has been damaged in the amount of one hundred and ninety seven thousand five hundred twelve dollars and forty-two cents. Meyn arrives at this figure as follows:
Eight leases for five years $61,800.00
One lease (lost) five years 9,000.00
Eleven spaces to be leased for five years 82,000.00
Cost of sign 42,000.00
Other cost 2,712.42
Total 197,512.42
The city asserts that no damages are warranted, particularly those for lost profits, such figures being too speculative in nature. At the trial, it was revealed that the two portions of the $42,000 sign of Metro-plex were sold to third parties in an effort to recoup losses due to Metroplex’s inability to erect the sign in question. One portion was sold for fourteen thousand dollars and the other for two thousand five hundred dollars.
LAW
The sole issue presented in this case is whether or not Meyn is entitled to prevail against the City of Gulfport under the theory of a breach of an implied covenant of quiet enjoyment as a result of Meyn’s failure to carry the burden of proof that the Harrison County Board of Supervisors’ right to the demised property was paramount to that of the City of Gulfport.
Meyn contends that there was an implied covenant of quiet enjoyment in the lease agreement between him and the City of Gulfport. We recognize that, absent express language to the contrary, real estate leases contain an implied covenant of quiet enjoyment against lessor interference. The general rule is stated:
[T]he rule now established by nearly all the courts is that the ordinary lease of realty, if valid, and executed by a person capable of making such a covenant, raises an implied covenant that the lessee shall have the quiet and peaceable possession and enjoyment of the leased premises, so far as regards the lessor, or anyone lawfully claiming through or under him, or anyone asserting a title to the leased premises superior and paramount to that of the lessor, unless there is ... an express stipulation in the lease that nothing therein contained should be construed to imply a covenant for quiet enjoyment. ...
49 Am.Jur.2d Landlord and Tenant § 330 (1970). See also Gulf Refining Co. of Louisiana v. Terry, 163 Miss. 869, 142 So. 457 (1932) ((overruled in part on unrelated grounds) Pace v. State ex rel. Rice, 191 Miss. 780, 4 So.2d 270 (1941)).
In Gulf Refining Co. of Louisiana v. Terry, the Court said: “[T]he lease containing no provision to the contrary, there arises from it by implication a covenant for the quiet enjoyment of the leased premises by the lessee against the lessor and all persons claiming under him.” Id. at 887, 142 So. at 459.
In the present case, Meyn entered into a written lease with the City of Gulfport. Nowhere in that lease was there any expressed stipulation limiting or barring recourse by Meyn against the city for violation of Meyn’s quiet enjoyment of said property. Therefore, the Harrison County Chancery Court did not err in finding that a covenant of quiet enjoyment against the City of Gulfport arose by implication. However, the issue is not resolved at this point. We must further determine at whose instance the eviction or disturbance was caused. In 1848, the Mississippi Supreme Court spoke to the question:
*1201 [A] forcible and unlawful eviction by strangers, is not a ground for an action on a covenant for quiet enjoyment. If the lessor is to be made liable, the eviction must be by his act.... The lessor must do the act, or excite others to it, not indirectly, but directly. He must be the agent, who acts with a view to that particular result.
Surget v. Arighi, 19 Miss. 87, 96-97 (11 S. & M.) (1848).
In Surget, the lessor expressly covenanted the quiet enjoyment of the leased premises to the lessee, Arighi. One month after Arighi leased and took possession of the premises a group of armed men forcibly entered and tore down the dwelling leased to Arighi, making the same untenantable. Arighi brought suit alleging that the lessors breached the covenant of quiet enjoyment by failing to restore Arighi to peaceable occupation of the premises. The Court further stated:
A general covenant of warranty is not broken by a forcible eviction; it must be a lawful eviction. This rule is sometimes said to apply also in covenants for quiet enjoyment. It certainly does apply in all cases of eviction or disturbance by a stranger.
Surget, 19 Miss. at 96 (emphasis added).
The Harrison County Board of Supervisors’ interference with Meyn’s possession of the leased premises in question did not obligate the City of Gulfport to act in Meyn’s behalf, if the Supervisors, as strangers, unlawfully interfered with Meyn’s possession, since the right to sue for an unlawful injury to possession is lodged in the tenant not the landlord. In Collins v. Wheeless, 171 Miss. 263, 157 So. 82 (1934), the Court said:
So far as concerns the possession and use of leased premises, the lease operates as a demise or conveyance of the property for a specific period of time (Rich v. Swalm, 161 Miss. 505, 516, 137 So. 325), and no right of possession or use remains in the lessor.... The rule of law, therefore, logically follows and is well established that the landlord cannot maintain an action for an injury to the possession, as distinguished from the freehold, the right to sue being in the tenant.
Id. at 267-68, 157 So. at 83.
Tiffany, Landlord and Tenant, 533 (1910), states:
A covenant for quiet enjoyment, though it does not apply to the wrongful acts of persons other than the landlord, does protect the lessee against the lawful acts of such persons, unless it is so restricted or qualified as to exclude them, that is, it applies to the acts of persons having a paramount title.
Id. at 533 (emphasis added). If the evidence had shown that Harrison County had a paramount right to the said leased premises, then, under the authorities, the City of Gulfport would stand in breach of an implied covenant of quiet enjoyment. However, no contest having been made of the suit by Harrison County and no proof having been made in the case at bar that Harrison County had the paramount title, Harrison County occupies the position of stranger. Meyn failed to challenge Harrison County’s cease and desist order. In the present case, he testified:
Q. You mentioned just a second ago that you and your attorney showed up at the city council or county Board of Supervisors’ meeting on the appointed date and appointed time and contested the authority of the Board of Supervisors over this area of property. Did I hear you right to say that on redirect, that you contested the authority of the Board of Supervisors?
A. What do you mean contested?
Q. In terms of their jurisdiction authority over this property. Didn’t I hear you say that?
A. We complied with what they told us. We didn’t acknowledge that they had the right. Neither did the city. The city, as lessor, I would have thought would have gone on with the litigation.
Q. You say you did not acknowledge?
A. The city still doesn’t acknowledge that they have jurisdiction there. Nor do we. We just complied with the order.
*1202 In the ease at bar, Meyn never offered any evidence that the county had any rights that were paramount in the leased property.
Even before an action is brought by the holder of the paramount title, the tenant may, upon the assertion of such title, yield possession, or in some way attorn, to the claimant, But in such case he has the burden of showing that the person to whom he yielded possession or to whom he attorned actually had a paramount title.
Tiffany, Landlord and Tenant at 534 (emphasis added).
.Since Meyn had the burden of proving that the Harrison County Board of Supervisors did have a paramount title to the leased property and failed to put on any proof in the trial below that would support the proposition that the county had a paramount right to the leased land in question, the lower court did not err in dismissing Meyn’s bill of complaint. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., and DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.