I concur with the majority insofar as it holds that the language of the lease does not restrict the land to the sole purpose of a drive-in-movie-theatre. However, the majority does not delve deep enough into an analysis of property law and I cannot agree with the holding.
The language at issue in the lease is as follows:
 The said premises are demised and leased by said party of the first part to the said parties of the second part to be used for a drive-in-movie-theatre, with the privilege upon the part of the said parties of the second part to erect, or construct on the premises before mentioned at their expense such structures and buildings commonly used in connection with the business aforesaid, and incidental thereto.
The lease provided for a term of five years which in effect made it an estate for years. Moynihan defines an estate for years as one which "must have a fixed and certain period of duration." C.J. Moynihan, Introduction to the Law of Real Property 65 (1962).
A lease is a conveyance in that it creates in the lessee an estate for years, but it is also a contract because of promises made by the parties. Moynihan, supra, at 69. Because of the hybrid nature of a lease, an interpretation of its language calls for a review of both contract and real property law. "The law of covenants sounds in contract while the law of conditions lies in property." 3 G. Thompson, Commentaries on the Modern Law of RealProperty § 1111 (1980).
Contract law is applicable to the interpretation of covenants and "[i]f the covenant is broken the remedy of the covenantee is to sue for injunctive relief or for damages, but the breach of the covenant neither automatically terminates the estate nor gives the covenantee a power to terminate." Moynihan, supra, at 105.
Mississippi traditionally has applied property law in lease interpretation. This is evidenced the fact that Mississippi has not adopted an implied warranty of fitness, thus making caveat emptor the general rule. "A lessee takes lease premises as he finds them with no implied covenant of fitness." Cappaert v.Junker, 413 So.2d 378, 380 (Miss. 1982). Therefore, since Mississippi favors property law over contract law in dealing with leases, the language at bar should be construed as a condition and not a covenant. An estate is subject to termination upon the breach of a condition subsequent.
 It is possible to attach a condition subsequent to an estate other than a fee simple. Thus, A, owner of Blackacre in *Page 1371 
fee simple, conveys it to "B for life on the express condition that B reside on the land and in the event that he does not do so then A and his heirs may re-enter and possess the premises as of his former estate." B has a life estate subject to a condition subsequent. A has a reversion in fee simple coupled with a right of entry. However, the fee simple and the estate for years are the estates most commonly created subject to a condition subsequent.
Moynihan, supra, at 104 (emphasis added).
The lessor in the case at bar unsuccessfully attempted to create a right of entry for condition broken. The "modern trend is to refuse to construe the conveyance as creating an estate on condition in the absence of a provision that the transferor shall have a right to re-enter or words of similar import, such as that the land shall `revert' or that the conveyance shall be `void' on the happening of the specified event." Moynihan, supra, at 104.
If the lessor had intended to create a right of entry for condition broken or an estate analogous to a determinable fee[1], he should have looked to real property law and specifically drafted the lease in accordance therewith. The operative language is not specific enough to create an estate subject to a condition subsequent, therefore making the language surplusage. Since the lessor did not expressly reserve the right of re-entry, then the lessee is entitled to lawful use of the premises for the duration of the lease. This black letter law was stated by this Court in Strand Enterprises, Inc. v. Turner,223 Miss. 588, 78 So.2d 769 (1955) as follows:
 So far as concerns the possession and use of leased premises, the lease operates as a demise or conveyance of the property for a specified period of time, and no right of possession or use remains in the lessor unless expressly reserved, and no such appears in this case.
Strand, 223 Miss. at 603, 78 So.2d at 773 (quoting Rich v.Swalm, 161 Miss. 505, 137 So. 325 (1931) and Collins v.Wheeless, 171 Miss. 263, 157 So. 82 (1934)).
Because the lessor did not expressly reserve a right of re-entry through the use of a condition subsequent, the lessee can use the property for any lawful purpose. However, the lessor is not without remedy if he has in fact been harmed. He may not re-enter, but if he can show irreparable harm then he may choose to seek an injunction or if he can prove damages then he may seek monetary relief.
DAN M. LEE, P.J., and PRATHER, J., join this opinion.
[1] At common law a distinction was made between a re-entry for condition broken and a reverter. However, both resulted in the owner regaining possession of his land.