BOLLINGER-FRANKLIN LUMBER CO. *v.* TULLOS *et al.*

[87 South. 486, No. 21663.]

1. TRESPASS. *Statutory penalty not recoverable without proof of non-consent of all owners.*

In order to recover the statutory penalty for cutting trees, the joint owners must allege and prove the cutting was without consent of all the owners; consent by one of the tenants in common bars him, and also defeats the others; and failure to

make proof of no consent by any tenant in common is fatal error under the statute, which is a penalizing act and must be strictly construed.

2. TRESPASS. *Both statutory penalty and actual damages cannot be recovered for cutting trees.*

    Both statutory penalty and actual damages cannot be recovered for cutting of trees.

APPEAL from circuit court of Attala county.

HON. T. L. LAMB, Judge.

Action by Alice Tullos and others against the Bollinger-Franklin Lumber Company. Judgment for plaintiffs, and defendant appeals, and plaintiffs cross-appeal. Reversed and remanded.

*S. L. Dodd, C. E. Morgan, Thompson & J. Harvey Thompson* and *R. H. Thompson,* for appellant.

No evidence that the trees were not cut by consent of some of the owners of the land. Treating the case, as did the trial court, as one for the statutory penalties for cutting trees, the absence from the declaration of an averment that the trees were cut without the consent of the owners did not relieve plaintiff from the necessity of proving that the owners, all of them, did not consent to the cutting. There was no such proof. If it can be inferred from the evidence that Mrs. Tullos did not consent, the same inference does not arise as to her co-tenants, one or two of whom testified as witnesses in the case. None of them were asked if they consented to the cutting of the trees; others of the co-tenants and owners of the land were not put upon the stand and there was no evidence even tending to show that the trees were cut without their consent. Leland Ray, one of the tenants in common was neither a plaintiff nor a witness. His consent to the cutting of the trees would bar all of his co-tenants from recovering the statutory penalty. *Haley* v. *Taylor,* 77 Miss. 867.

It is a vital and indispensible part of the plaintiff's case in an action for the statutory penalty that the trees were cut without the consent of the owner, made so by the stat- ute giving the penalty.   Unless proved, no recovery can be had, and in this case defendant was entitled to a judg- ment in the court below and in this court to a reversal of the judgment under review and a dismissal of the suit, be- cause plaintiff did not make out a case; did not prove that the trees were cut without the consent of the owner, or in case of joint ownership, without the consent of all of the owners.

Wherefore, we ask the court to affirm the judgment of the trial court on the cross-appeal and to reverse it on the direct appeal and, if it be as we think that the record war- rants so doing, we pray the court to render a final judg- ment in appellant's favor on the direct appeal.

*David E. Crawley* and *Jas. T. Crawley, Jr.,* for appel- lees.

As to the assignment of error that the case ought to be reversed for the non-joinder of a party plaintiff to the suit, we have this to say: First, that it does not appear from the record that at the time of suit any party except those named in the declaration owned any interest in the sub- ject-matter of the suit.   Even should the record be so con- strued that an interest in the suit appeared to be in one not joined as a plaintiff, and that this became manifest during the progress of the trial, then it became incumbent upon the defendant to make his proper objection on ac- count of this non-joinder, which if seasonably made would have permitted the plaintiff to so amend his declaration as to embrace this co-plaintiff.   No objection was urged on the ground of a non-joinder of a party plaintiff in the trial of the cause, and not having been raised or urged in the trial court, it cannot be made for the first time in this court.   See *Darrill* v. *Dodds,* 78 Miss. 913.   Second, that even if it appeared that a party plaintiff had not been

joined in the declaration and the failure to so do had not been made the subject of a seasonable objection that would not authorize a reversal of the case, for the reason that the non-joinder of a person who should have been joined as a plaintiff, not apparent on the face of the declaration, can be availed of by a plea in abatement or by nonsuit, if it appears from the evidence at the trial. *Halsey* v. *Norton,* 45 Miss. 705. "A defendant, if he so desires, may waive the non-joinder as a ground for defeating the action, and take advantage of it at the trial to the extent of limiting the plaintiff's recovery to a proportionate part of the damages suffered." 15 Enc. Plead & Prac., 568; Puterbaugh's Pleading & Practice, Common Law (8 Ed.), 51. In order to avail of a non-joinder at the trial, as a ground for defeating the action section 722, Miss. Code 1906, must be complied with; and in order for a defendant to introduce under the general issue evidence of the non-joinder of a plaintiff, and thereby avail of it as a ground for limitting the amount of the recovery, section 744, Miss. Code 1906, must be complied with. *Lumber Company* v. *Rather*, 11 Miss. 57. And the defendant having failed to do either of these things during the trial of the case and theretofore, then we say that he is precluded from urging the non-joinder of a plaintiff as a ground for reversal. It does not matter whether the non-joinder became apparent through the unwisdom of plaintiff's counsel, or the astuteness of the learned gentlemen representing the defendant; it equally became the duty of defendant, if it wished to avail itself of this error, to pursue its remedy laid down in section 722, Code, *supra,* or section 744, Code, *supra,* or to waive it by remaining silent, as they did do in this case.

HOLDEN, J., delivered the opinion of the court.

This is a suit to recover the statutory penalty from appellant for the cutting of trees owned by the appellees as tenants in common, and resulted in a verdict of four hundred dollars for them. The appellees, Mrs. Tullos and her

cotenants, inherited the timber from her deceased husband, and brought this suit as tenants in common. One of these joint owners was not a party plaintiff to the suit, nor did he appear at the trial of the case. The appellant urges several errors for reversal on direct appeal, and the appellee seeks reversal on cross-appeal.

The record discloses several errors committed by both sides at the trial, but we shall act only upon one of them pointed out by the oppellant, because this will result in a reversal of the judgment, and the other errors will probably not occur again on the second trial.

Here is the reversible error in the case: The suit was predicated upon two grounds in the declaration, one for actual damages, and the other for the statutory penalty. However, there being no proof to sustain the count for actual damages, it was abandoned, and the case was tried solely upon the count for the statutory penalty. The proof for the plaintiff was sufficient to recover the statutory penalty, except for the fact that the plaintiff failed to allege and prove that none of the joint owners or tenants in common consented to the cutting of the trees. No proof was offered to show that all and each of the joint owners of the timber, one of whom was not a party to the litigation nor present at the trial, had not consented to the cutting of the trees. This was reversible error, because the burden is upon him who invokes the statute to prove its essential requisites before he can recover, and one of the requirements of the statute is that the cutting was done without the consent of the owners; therefore, if any one of the tenants in common consented to the cutting, then such consent would bar his recovery and also defeat all of the others. Section 4977, Code of 1906 (section 3246, Hemingway's Code) ; *Therrell* v. *Ellis,* 83 Miss. 494, 35 So. 826; *Haley* v. *Taylor,* 77 Miss. 867, 28 So. 752, 78 Am. St. Rep. 549.

The statute providing the penalty for cutting trees is plain and unambiguous, and must be followed substantially by the pleadings and proof in order to recover under

it; is a penalizing statute and is to be strictly construed. We may point out that the declaration in this case should have alleged that the cutting of the trees was without the consent of the owners; but we reverse on the ground that the appellees failed to prove that no one of the tenants in common consented to the cutting. The right of tenants in common of land to sue for the statutory penalty for cutting trees is joint, and whatever bars one will preclude the others.

The lower court told the jury in an instruction for the defendant that the plaintiff could recover both the statutory penalty and actual damages for the cutting of the trees. Of course this is error, as decided by this court several times. There are other errors in the record which we shall not comment on, as we assume that the record will be cleared up and freed from error on the second trial.

*Reversed and remanded.*