WRIGHT et al. *v.* SULLIVAN.

In Banc. Sept. 26, 1949.

No. 37162 (42 So. (2d) 185)

250

Stone & Stone, for appellants.

**John Horan,** for appellee and cross-appellant.

**Alexander, J.**

This is a suit brought by appellee to remove, as clouds upon her title, certain deeds held by appellants and, in the alternative, for right of possession and reasonable rents.

The facts are these: Appellee is the widow of Walter T. Wright, and during his lifetime they conveyed the lands in question, by separate deeds, to his brothers, the appellants. There was a reservation of a life estate and the remainder was granted upon condition of reasonable support of the grantors by the respective grantees. Later each of the appellants executed deeds back to the grantors, conveying their respective interests. Whereupon the original owners executed conveyances of certain timber and mineral interests.

On November 4, 1940, Walter T. Wright and his wife (who is now Mrs. Lura Wright Sullivan) for the second time, executed deeds to the appellants respectively to parts of the lands they owned. The pertinent provisions of these deeds is as follows:

"For and in consideration of the sum of One Dollar, cash in hand paid, and in consideration of the love and affection we have and bear to the grantees herein, and

in further consideration of the said Monroe Wright and Isom W. Wright each one caring for and supporting each one of the grantors herein during the term of the natural lives of each grantor herein, said support to be such extent as is reasonable for the comfort of the grantors and consistent with the means and ability of the grantees herein, the home for the grantors to be kept and provided on the lands herein below described, we do now, reserving to ourselves a life estate in said lands, sell, convey and warrant the remainder thereof to the said Monroe M. Wright and Isom W. Wright in the following designated manner, to-wit:

"For the above consideration we sell, convey and warrant unto Monroe M. Wright, the remainder of the following described land, reserving to ourselves an estate therein during the term of our natural lives, . . ." Then follows a description of the lands so conveyed to Monroe M. Wright; also a similar conveyance of another part of their lands, under the same terms and conditions, to Isom W. Wright.

Mr. Walter T. Wright died in April, 1942. His widow, the appellee, prayed in her bill for cancellation of the last described deeds because of uncertainty in description, or in the alternative that she, as the owner of a life estate, be granted full and complete possession of said lands, together with reasonable rents thereon due by appellants who have occupied and used the same as a home.

The trial court held that the instrument dated November 4, 1940, conveyed only a remainder interest to the appellants respectively, and that appellee as the surviving widow retained a life estate. It was further decreed that the appellants were entitled to remain on the lands during the life of Mrs. Sullivan but were liable to her for rent thereof for six years at the rate of $50.00 per year. Support was fixed at $10.00 per month from and after the decree.

Appellants base their appeal upon all of the several awards to appellee and the latter files her cross-appeal upon the grounds that she was entitled to the exclusive possession during her lifetime; in the failure to cancel the two deeds; and the omission to award a decree for certain personalty allegedly appropriated.

██ ██ We find an asserted indefiniteness in part of the description no basis for cancellation by the grantor. Reformation is not sought by any of the parties. The same property—the identity of which is well known to all concerned—has been passed back and forth between these parties. In one of the conveyances, appellee described the land as being the lands then owned by her and her husband. After the death of Walter T. Wright, appellee executed a supplemental deed to correct an omission in the former descriptions. Appellee intended to convey the lands here involved. There was no fraud. Failure of support is not here made a basis for cancellation. We must leave the instruments as we find them.

The right of appellee to her life estate is joined to and is of equal validity and force with the rights of the appellants to their remainder. ██ ██ A life estate during its existence is as effective to insure exclusive control and possession as is a title in fee. Bohn v. Bohn, 193 Miss. 122, 5 So. (2d) 429.

The claim of appellants to the right of occupancy, despite the widow's protest, is sought to be sustained by the following language in their deeds: ''the home for the grantors to be kept and provided on the lands hereinbelow described''. From the fact that the appellee and her husband had allowed appellants to live on the land for the purpose of ministering to him and assisting in supervising its cultivation, and from the language just quoted from the deed, the learned Chancellor deduced as a matter of law and of fact that ''the defendants (appellants) have and hold a right to have and occupy a home on said lands to be selected by the com-

plainant (appellee)''. He found these circumstances the equivalent of a livery of seizin. ■■ Title by adverse possession is not asserted by appellants. The only methods remaining by which an investiture of title or right of dominion could arise during an owner's life are by grant, estoppel, tax sale, or condemnation. White v. Turner, 197 Miss. 265, 19 So. (2d) 825. It is no answer that the convenience of appellants would be served if they could support appellee out of her own pantry.

■■ Although the right to a remainder is vested in appellants, they have no present rights of possession or occupancy save such as may be vouchsafed by appellee. She, having the right to exclusive possession, is entitled to the rents awarded by the trial judge. There was an issue of fact regarding the alleged appropriation of personalty. We find no error here. That the dissension arose out of personal feelings is not important. So far as appellants are concerned, the appellee can conduct herself and her household as pleases her best. We are dealing solely with property rights.

We therefore affirm the decree but with the modification—made appropriate by the cross-appeal—that appellee is entitled to the exclusive possession and control of the lands in suit and to such possessory writs as may be appropriate to secure such right.

Affirmed as modified.