314 So.2d 346 (1975)
SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, a corporation
v.
J.F. MILLER TIMBER COMPANY, INC.
No. 48078.
Supreme Court of Mississippi.
May 26, 1975.
Rehearing Denied July 7, 1975.
*347 John K. Keyes, Collins, J.O. Moss, Lucedale, for appellant.
Jack Parsons, Wiggins, William T. Bailey, Lucedale, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
GILLESPIE, Chief Justice.
This suit was filed in the Circuit Court of George County by J.F. Miller Timber Company, Inc., (Timber Company) against South Mississippi Electric Power Association (Power Association) to recover actual and statutory damages for cutting trees claimed to be owned by Timber Company. After a jury trial judgment was awarded Timber Company for $2,000 actual damages and $6,000 statutory damages. Power Association appealed.
The land on which the timber in question stood was owned by Mr. and Mrs. W.H. Albritton on December 10, 1970, when they deeded the property to their three children, James Daniel Albritton, Jack Henry Albritton, and Mary Elizabeth Albritton (hereinafter Remaindermen), and reserved a life estate "in all of the above described property as long as they shall live." On April 26, 1971, the Remaindermen executed a timber deed to Timber Company purporting to convey all merchantable timber on the lands involved in this suit, with the right to cut and remove the timber within eighteen months after the expiration of which time the timber reverted to grantors. Neither of the life tenants joined in the timber deed. On May 5, 1972, the Remaindermen and Mrs. W.H. Albritton, the surviving life tenant, executed to Power Association a right-of-way deed 100 feet wide across the land described in the timber deed, the deed providing that Power Association had the right to cut trees and keep the right-of-way cleared.
In July, 1972, Power Association, in clearing the right-of-way under its deed from the Remaindermen and the life tenant, cut the trees on part of the lands described in the deed from the Remaindermen to Timber Company. It is not necessary to discuss the claim of Timber Company that the cutting was wilful or the contention of Power Association that it acted in good faith.
The question is whether Timber Company was entitled to recover from Power Association the value of the timber and the statutory damages.
Mississippi Code 1972 Annotated section 95-5-3 provides in part as follows:
If any person shall cut down, deaden, destroy or take away, if already cut or *348 fallen, any [certain tree species enumerated] ... not his own, without the consent of the owner, he shall pay to the owner of the tree or trees, as a penalty, fifteen dollars ($15.00) for every such tree so cut down, deadened, destroyed or taken away... .
This statute is a part of the chapter on trespass.
The general rule is stated in 51 Am.Jur.2d, Life Tenants and Remaindermen, section 2 (1970), as follows:
In determining the rights and remedies of a remainderman, the best guide is to consider the nature of his estate and that of the tenant of the particular estate which must terminate before the remaindermen can come rightfully into the possession of the property. As a general rule, the tenant and the remainderman are not at the same time entitled to the same right or remedy. A remainderman has no right of possession until the particular estate is terminated. He has no right of action, which depends upon the right of possession, until he is entitled to the possession, either to recover the possession or to obtain compensation for injuries to the possession. Hence, he cannot, before the termination of the life or other particular estate, maintain an action of ejectment, of trespass, of conversion, or for partition, except where there are special statutory provisions permitting him to do so.
In 51 Am.Jur.2d, Life Tenants and Remaindermen, section 32 (1970), it is stated:
The principle is well settled that a life tenant who is the holder of a present estate for life in real property is entitled to the possession and use of the property. Thus it has been held that a devise of real estate for life, with remainder over, is always to be treated as a specific devise, of which the tenant for life is to have the possession, use, and income during life. During an ordinary life tenancy in realty, the remainderman or reversioner does not have the right to possession or use.
A life estate during its existence is as effective to insure exclusive control and possession as is a title in fee. Wright v. Sullivan, 207 Miss. 249, 42 So.2d 185 (1949).
The life tenant had conveyed her right to possession and any other right to Power Association. Timber Company acquired no right of possession of the land by its timber deed. The Remaindermen had no right of possession and therefore could not convey such right. Timber is real estate until severed from the land and real estate may be conveyed only by written instrument. As stated in 28 Am.Jur.2d, Estates section 218 (1966), "a remainderman whose interest is vested does not have actual or constructive possession of the property, but simply an estate to vest in possession in the future."
The remainder interest in the merchantable timber was all that the Remaindermen could convey to Timber Company; and by the deed that estate was limited to eighteen months. Although the estate thus conveyed may not be a contingent remainder in the proper understanding of that term, the fact is that Timber Company did not have the right of possession to cut the timber unless and until the life tenant died within eighteen months from the date of the deed, which did not occur.
Timber Company offered proof that the Life Tenant did not object to its cutting the timber. While this is not the equivalent of a deed because not in writing, it raises the question of the status of Timber Company under the timber deed from Remaindermen and oral permission from the Life Tenant. We conclude that at most Timber Company was a licensee, and such license terminated when the right-of-way was conveyed to Power Association. It is a general rule that a revocable *349 license to enter upon land and cut and remove timber may arise from any ineffectual attempt to sell or convey such as an oral contract, which is void under the statute of frauds, or a timber deed which is inoperative to convey title. Towles v. Hodges, 235 Miss. 258, 108 So.2d 884 (1959); Singletary v. Ginn, 153 Miss. 700, 121 So. 820 (1929); Blair v. Frank B. Russell & Co., 120 Miss. 108, 81 So. 785 (1919); 54 C.J.S. Logs and Logging § 29 (1948). Timber cut under such license becomes the personal property of the licensee, but the licensee has no title to the standing timber and the license is revocable at will. Ibid.
We hold that Timber Company could not maintain a suit for the actual value of the timber cut by Power Association or to recover the statutory penalty. Timber Company's deed from the Remaindermen was an ineffectual conveyance. Power Association purchased the right-of-way, including the right to cut the timber therefrom, from the Remaindermen and the surviving Life Tenant. Under these circumstances Timber Company could not maintain its suit. Cf. Bollinger-Franklin Lumber Co. v. Tullos, 124 Miss. 855, 87 So. 486 (1921).
The judgment is reversed and rendered here in favor of Power Association.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.